D. H. WESTBROOK, MALINDA WESTBROOK, PHILIP W., JAMES, EMMA, MARTHA, HARRY, FRED, AND BESSIE WESTBROOK AND ELLA C. DICKINSON, Plaintiff's and Appellees v. THE MUSCATINE NORTH AND SOUTH RAILROAD COMPANY, Appellant.

Condemnation of Right of Way: *Instruction on measure of damages construed.* A railroad right of way was condemned through a tract of land alleged by its owner to form part of a farm including other tracts, and the jury was instructed, in a suit to determine damages, that, in determining if the several tracts constituted but one farm, they should consider the connection, relation, adaptation, convenience, character, location, and uses of the land, and whether the market value of either tract would be reduced if separated from the other. *Held*, to negative a contention that the court submitted the cause on the theory that the manner in which the owner used the lands was the test as to whether the separate tracts constituted but one farm.

"SINGLE FARM" DEFINED. A railroad right of way was condemned over a tract of land alleged to be a part of a farm, which included another tract, separated from it by an intervening tract, over which a private way existed by license of the owner. There was also a highway connecting the tracts. A father held an estate for life in the farm, remainder in his children, and they joined in a proceeding against the railroad company to recover damages resulting to the entire farm from the condemnation of the right of way. The father owned the intervening

tract in fee.  *Held*, that the fact that the way over the intervening tract existed only by license was not sufficient to show that the two tracts connected thereby did not constitute a single farm.

CROSS-EXAMINATION:   *Estoppel by objections.*   Where defendants objection to the introduction of evidence showing the value per acre of a railroad right of way through plaintiff's land is sustained in a suit to determine the damages from the condemnation of the right of way, defendant cannot complain that it is not allowed on cross-examination, to show the value per acre of a portion of the land so taken.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, DECEMBER 18, 1901.

THIS is a proceeding for the condemnation of the right of way for the defendant's railroad over lands belonging to the plaintiffs.   Upon appeal to the district court, and on trial had therein, verdict and judgment were rendered in favor of the plaintiffs for $1,900.   Defendant appeals.—*Affirmed.*

*Jayne & Hoffman* and *C. A. Carpenter* for appellant.

*L. A. Riley, P. T. McVey,* and *F. M. Molsberry* for appellees.

GIVEN, C. J.—I.   The plaintiffs D. H. and Malinda Westbrook are husband and wife, and the other plaintiffs are their children.   The children own the lands in question, subject to a life estate therein held by their parents. The lands thus owned are as follows.   The west ½ of the southwest ¼ of section 1; all of the southeast ¼ of section 2, except 6 acres; the south ½ of the southeast ¼ of section 3; 45 acres in the southwest corner of section 3; all that part of the southeast ¼ of section 4 south of the Rock Island Railroad; the northwest ¼ of section 11; the north-

east fractional $\frac{1}{4}$ of the northeast $\frac{1}{4}$ of section 11; the north fractional part of the northwest $\frac{1}{4}$ of section 12,—all in township· 75, range 3 (682 acres), in Louisa county, Iowa.    D. H. Westbrook owns in his own right the north $\frac{1}{2}$ of the south $\frac{1}{2}$ of section 3 (160 acres); the east 35 acres of the south $\frac{1}{2}$ of the southwest $\frac{1}{4}$ of section 3; a tract in the northeast $\frac{1}{4}$ of section 10 containing 20 acres; and the south $\frac{1}{2}$ of the southwest $\frac{1}{4}$ of section 2 (80 acres),—all in township 75, range 3.    No damages are claimed in this action as to the last described lands.    It will be observed that the lands in question do not lie in a body, and that the lands owned by D. H. Westbrook lie between the lands in question in sections 1, 2, 11, and 12, and those in sections 3 and 4.    D. H. and Malinda Westbrook reside on the land in section 4.    There is a dwelling house and other farm improvements on the land in section 2, that have been occupied by Mr. Westbrook's hired man.    There is a north and south public highway through the land in section 4, that intersects an east and west highway along the half-section line of sections 9, 10, and 11, connecting with another north and south highway through the east $\frac{1}{2}$ of section 11, and a short distance east of the north and south half-section line in section 2, thus affording access from the farm house in section 4 to the other lands.    The defendant's road does not touch the lands in sections 3 and 4, and the contention is whether these lands should' be considered in estimating damages.    The evidence shows that D. H. and Malinda Westbrook have been using all these lands as one farm, and that they have used for that purpose a private way from the house on section 4 across the lands in sections 3 and 4, in question and across the south $\frac{1}{2}$ of the southwest $\frac{1}{4}$ of section 2, owned exclusively by D. H. Westbrook, to the lands in sections 1, 2, 11, and 12.

II.    On the trial one Coder, called by the plaintiff, was asked in chief: "What's the value, if you know, of

the land, per acre, that is taken by the right of way?" Defendant objected as immaterial, irrelevant, incompetent, and leading; and the objection was sustained, evidently upon the ground that the question was incompetent, irrelevant, or immaterial, as it was clearly not leading. On cross-examination the defendant asked: "What is the value of the land actually taken through the thirty-acre tract in section 2?" Also: "What do you say is the fair market value of the land taken from the east line of the thirty-acre tract in section 2, and extending to the east edge of a deep cut?" To these questions plaintiffs objected to incompetent, which objection was sustained, and of this ruling the appellant complains. While the value of the land taken is one element of the damages, appellant is not in position to complain of the ruling, as, by its objection to the question put by the plaintiff, appellant invoked the ruling of which it now complains. If it was not competent to show the value of the land taken by the right of way, surely it was not competent to show the value of a part thereof. In *Crawford v. Wolf*, 29 Iowa, 568, it is held that a party cannot complain of the admission of evidence under a rule adopted by the court claimed to be erroneous, where such rule was adopted at the instance or upon the suggestion of the party complaining. See, also, *Spaulding v. Railway Co.*, 98 Iowa, 215, and cases cited therein. Appellant's counsel, in this connection say that there is no evidence as to the value of the land taken, and therefore contend that the court erred in submitting that question to the jury, but we do not so view the record. There is evidence on that subject,—notably, that of D. H. Westbrook and J. A. Cochran.

III. Appellant's counsel state their next contention as follows: "The court erred in submitting to the jury the question of whether the lands owned by plaintiffs in section 3 and 4 constituted a part of the farm damaged by defendant's road and in assuming that the manner in which plain-

tiffs used their lands before defendant's road was located was the test of whether they constituted one farm, instead of submitting to the jury the question as to whether they were of such character and so located as that their market value would be depreciated if offered separately." The court instructed to the effect that, before the jury could consider whether all the lands were damaged, it must find that the lands were at the time of the taking, "in effect, one farm, and so used by the plaintinffs," and that the burden was on the plaintiffs to so show. In the fourth instruction the court said: "In determining whether the lands so claimed by the plaintiffs constituted an entire farm at the time of the condemnation proceedings, you will consider what the testimony may show as to the uses to which said several parcels of land were put at the time,—whether one parcel was made dependent upon another in the farming operations then carried on, or which of said parcels or divisions of land as described, or any of them, were used for separate and distinct purposes from that actually crossed by defendant's right of way." The fifth and sixth instructions are as follows: "(5) If the several parcels of real estate which the plaintiffs claim has been injured as an entire farm had such a connection or relation of adaptation, convenience, and actual and permanent use, as to make the enjoyment of the parcels or tracts from which the right of way was taken, reasonably and substantially necessary to the enjoyment of the parcel or parcels not so touched by the right of way, in the most advantageous manner in the business in which it was at the time used, and if the said tracts were dependent upon each other, in the use to which they were then put, they would constitute one farm; and the damages, if any there were, should be 'assessed upon such basis. (6) To entitle the plaintiffs to recover any sum as damages to the land owned by them located in sections 3 and 4, you must find from the testimony that such lands are of such character, and so

located with respect to the lands over which the defendant's road is located, that the market value of either will be reduced if separated from the other, and that the location and construction of the defendant's railway has had that effect.   The burden of establishing this relation of the said lands to others is upon the plaintiffs, and must be established by a preponderance of the testimony."   It is surely not correct to say that the court assumed that the manner in which plaintiffs used the lands was the only test by which to determine whether the several parcels constituted one farm. In the fifth instruction the jury was told to consider the connection, relation, adaptation and convenience, as well as the actual and permanent uses; and in the sixth, the character and location of the lands in sections 3 and 4 as to the other lands, and whether the market value of either will be reduced if separated from the other.   In *Cox v. Railway Co.,* 77 Iowa, 23, we said: "As to farm lands the law is well settled, and the owner of lands is not limited in his right of recovery to the subdivision of the land crossed or touched by the right of way, but the entire farm, of whatever size, if in one tract, or so lying that it is used as one farm, may be considered.   In such cases the question is, how is the value of the farm affected by the construction of the road across it?   And, to the extent that it is lessened in value, the owner is entitled to recover."   In *Ellsworth v. Railway Co.,* 91 Iowa, 386, we held that the question whether the entire tract should have been considered as a whole, or portions of it separately, in estimating the damages, were questions of fact, which should have been submitted to the jury.   See, also, *Bennett v. City of Marion,* 106 Iowa, 629.   In *Peck v. Railway Co.,* 36 Minn. 343 (31 N. W. Rep. 217), it is said "that in condemnation proceedings, to constitute unity of property between two contigous but *prima facie* distinct parcels of land, there must be such a connection or relation of adaptation, convenience, and actual and permanent use, between them, as to make the enjoyment

of the parcel taken reasonably and substantially necessary
to the enjoyment of the parcel left, in the most advantageous
and profitable manner in the business for which it is used."
In *Potts v. Railroad Co.,* 119 Pa. 278 (13 Atl. Rep. 291,
4 Am. St. Rep. 646), cited by appellant, the three properties
for which damages were claimed were not only disconnected,
but each was used for a distinct and separate purpose, and
the several titles owned by different persons; hence it was
held that they could not be considered as appurtenant to,
or a parcel of, the tract touched by the right of way. In
*Leavenworth N. & S. Ry. Co. v. Wilkins,* 45 Kan. Sup.
674 (26 Pac. Rep. 16), also cited by appellant, it was held
that the damages must be confined to the tract of land over
which the right of way is condemned, unless the owner has
other land contiguous thereto, and so situated with respect
to the same that the value is appreciably augmented by their
use in connection therewith as a single farm, and the appro-
priation of said right of way has destroyed or seriously in-
terfered with such use. *Cameron v. Railway Co.,* 42 Minn.
75 (43 N. W. Rep. 785), cited by appellant, seems to give
some support to the claim that tracts of land not connected
with that from which the rights of way is taken cannot be
considered. It is said: "In this country it is generally
confined to the particular tract of land the whole or part
of which is taken; damages being awarded only for the land
taken, and for the resulting injury to the remainder of the
same tract, without regard to the other lands of the same
owner." It is further said: "The not unusual fact that
lands so separated are conveniently and most profitably used
by the owner in conjunction, so as to contribute to a common
purpose or end, as in the case of a farm, with its necessary
pasturage or timber land situated at a distance from the
rest of the land used for farming purposes, cannot justify
treating parcels which are essentially and in their very
nature distinct and separate as though they were one con-

tinuous body of land." Even this case, so much relied upon, recognized the rule of the instructions. Appellant's counsel concede that the sixth instruction "presents an absolutely correct proposition of law, but contend that appellees failed to introduce any evidence to show the interdependence of the different parcels of land, and that their market value would be reduced by their separation." We think there was sufficient evidence to warrant the court in submitting this question to the jury, and the jury in finding for the plaintiff on that proposition. Appellant insists that, inasmuch as D. H. Westbrook might at any time revoke the license to pass by the private way over his individual land, the lands in sections 3 and 4 cannot be considered as forming a part of the farm in connection with the other lands. The facts as to this private way were before the jury, and proper to be considered in determining whether the several tracts constitute one farm. Mr. Westbrook had a life estate in the land in dispute, as well as the ownership of the intervening land over which the private way passed; hence it is not as though a stranger owned the intervening land. But we have seen that communication between the land in sections 3 and 4 and those in other sections could be had by means of the public highway,—a fact to be considered by the jury, and which, in connection with all the other facts, warranted them in finding that the lands in dispute were susceptible of being, and were in fact, used advantageously as one farm.

What we have said disposes of all the questions argued, and leads to the conclusion that the judgment of the district court must be AFFIRMED.