## PORTWRIGHT v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division One, June 20, 1904.

1. **APPELLATE JURISDICTION: Nine-Jury Law: Former Decision.** Where an appeal has been taken from a judgment in which the validity of the constitutional amendment authorizing nine jurors to render a verdict in a civil case is involved, before the rendition of a decision by this court upholding the validity of that amendment, the Supreme Court has jurisdiction of the appeal.

2. ——: ——: **Unanimous Verdict.** Where the verdict of the jury is unanimous, the question of the constitutionality of the nine-jury law is not in the case. The verdict being unanimous and the Supreme Court having no jurisdiction of the appeal on any other ground, it has no jurisdiction on the ground that the constitutionality of the nine-jury law was involved.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for appellant.

*Ernest E. Wood* for respondent.

VALLIANT, J.—This suit was begun in a justice's court, taken by appeal to the circuit court, where there was a judgment for the plaintiff for $175, from which an

appeal was taken by the defendant to this court.   The appeal was taken to this court on the idea that a constitutional question was involved, to-wit, the validity of the law which authorizes nine of a jury in a court of record to render a verdict in a civil suit.   The court of its own motion instructed the jury as follows:

"The court instructs the jury that nine of your number have the power to find a verdict, and if less than the whole of your number—but as many as nine—agree upon a verdict, the same should be returned as the verdict of the jury, in which event all of the jurors who concur in such verdict shall sign the same.   If, however, all of the jurors concur in a verdict, your foreman alone may sign it."

The jury returned a verdict in which they all concurred and it was signed by the foreman alone.

At the date of this trial, April 30, 1902, this court had not passed on the question of the validity of the law authorizing nine of a jury in such case to render a verdict; since then, however, on December 24, 1902, in Gabbert v. Railroad, 171 Mo. 84, it was decided that that law was valid and that decision has since been frequently referred to by this court as conclusively settling that question.   Where, as in this case, an appeal has been taken involving that question before the rendition of that decision, we have held that the appeal was properly taken to this court.   But the appeal in this case was not properly taken to this court because, even if it were contrary to the Constitution for less than twelve of the jury to render a verdict, the appellant has nothing to complain of, because all twelve of the jury concurred in this verdict.

The St. Louis Court of Appeals alone has jurisdiction of this appeal, and, therefore, the cause is transferred to that court.

All concur.