MARGARET T. WRAY *v.* MARTHA A. COX.

STATUTE OF FRAUDS.    *Code* 1892, *§* 4225, *par.* (a).    *Debt of another.*

Where defendant orally promised plaintiff, if plaintiff would furnish certain third parties with goods, she would see her paid, the promise was a collateral one and within the statute of frauds, Code 1892, § 4225, par. (a), providing that an action shall not be brought to charge a defendant or other party upon any special promise to answer for the debt or default or miscarriage of another person.

FROM the circuit court of, second district, Panola county.

HON. JAMES B. BOOTHE, Judge.

Mrs. Wray, the appellant, was plaintiff, and Mrs. Cox, the appellee, defendant in the court below. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*Lowrey & Lamb,* for appellant.

The court below erred in declining to allow witness J. B. Wray to testify as to whether the goods in question were sold on the credit of Mrs. Cox, the appellee, or on the credit of the darkies.

The negroes who got and used the goods in question made no contract or agreement by which they became liable to pay for them. The agreement of Mrs. Cox was not, therefore, an agreement to answer for the debt of another. *Bloom* v. *Mc-Grath,* 53 Miss., 249.

While the terms used by the parties to the agreement may be somewhat indefinite, yet the terms there used have been held to imply an original undertaking.  29 Am. & Eng. Ency. Law (2d ed.), 906.

All the facts and circumstances in this case show that Mrs. Wray extended the credit to Mrs. Cox and that Mrs. Cox understood that Mrs. Wray looked to her alone for the payment of the account.  *Hendricks* v. *Robinson,* 56 Miss., 694; *Sweatman* v. *Parker,* 49 Miss., 19.

*Shands & Carothers,* for appellee.

The only promise made by appellee was "to see the account paid."

If the parol promise relied on be to pay if some one else does not pay, it is within the statute.  *Bloom* v. *McGrath,* 53 Miss., 249.

The case of *Sweatman* v. *Parker,* 49 Miss., 19, is not as close kin as third cousin to the case at bar.  In the Sweatman case, for a present consideration Brantly agreed with Parker and Cunningham to pay a preëxisting debt which Cunningham owed Parker, it being agreed by all parties at the time that Cunningham should be discharged from any further liability.

*Hendricks* v. *Robinson,* 56 Miss., 694, is entirely different from the case at bar.  In that case the merchant was suing the party who had gotten the goods, for the payment of which he was never liable at all, and no question of the statute involved in this case is presented to the court.

Cox, J., delivered the opinion of the court.

This was a suit by appellant to recover of appellee balances unpaid on two open accounts for merchandise, charged to her on appellant's books, for Henry Whitten and Anthony Bobo. Appellee (defendant below) denied her liability therefor.

Upon the trial J. B. Wray, manager of appellant's business, testified as follows: "Q. Who got the goods?  A. Henry Whit-

ten and Anthony Bobo. Q. State how you came to furnish these goods. A. Mrs. Cox came into the store some time early in the spring, and brought these colored men in, and asked me if I wanted to furnish them. Well, I knew the place they were living on, and I told her that I had had a sad experience on that place; that I had furnished hands on that place the year before, I believe it was, and never collected a nickel; they never paid the rent. Well, she told me that she would see the account paid if I would furnish these men—keep their accounts separate, and run them as cheap and as light as I could, and she would see it paid." He admitted having receipted Mrs. Cox in full of her account for 1902, the year he furnished the negroes, on November 15th of that year, and having receipted her again on January 29, 1904, in full of merchandise account. The articles furnished Whitten and Bobo were charged to them on the daybook, but were charged to Mrs. Cox, for Whitten and Bobo, respectively, on the ledger. This witness admitted that Bobo paid in person a part of the account for goods furnished him. On cross-examination he was asked: "You looked to her [Mrs. Cox] to make up whatever of this account he didn't pay, did you?" To which he replied: "Yes, sir; that is the truth about it; that she was to see the account paid," and, "if he didn't pay it, she would." Bert Wray, a son of J. B. Wray, testified that Mrs. Cox told him (J. B. Wray) that she didn't want him to take the risk, and that she would see the debt paid, and he told her that he would be glad to sell them anything on those conditions—that she would see it paid. Evidence was introduced tending to show that no trade was made with the negroes. Evidence, which was excluded, was offered tending to show that credit was given exclusively to Mrs. Cox. On motion of defendant, all the evidence was excluded from the jury, and in obedience to a peremptory instruction the jury returned a verdict for defendant.

This action of the court was correct. The undertaking of Mrs. Cox was within paragraph "a" of the statute of frauds.

Code 1892, § 4225. The words "I will see it paid" import not an original, but a collateral, undertaking. The evidence in the case, taken as a whole, indicates clearly that Mrs. Cox only guaranteed the payment of the accounts by the parties to whom the goods were furnished, and undertook to pay if they did not. She undertook to answer for the debt of another, and her undertaking, because not in writing, cannot bind her.

*Affirmed.*