# Louisville & Nashville Railroad Company v. Thomas' Administrator.

(Decided May 11, 1916.)

## Appeal from Laurel Circuit Court.

1. Death—Pecuniary Loss—Evidence—Expectancy.—Evidence of the age, experience, habits, health, character and earning capacity of a deceased person is competent to show pecuniary loss sustained by his dependents, and the life tables may be introduced to show that the expectancy of the deceased covers that of his dependents, when the period of pecuniary loss is the life expectancies of the dependents.

2. Master and Servant—Assumption of Risk.—An employe does not assume a risk that his superior, after inspection, assures him does not exist.

3. Master and Servant—Inspection—Negligence.—Testimony by those who did it, that their work of inspection and preparation was properly done and made safe a place where another employe was required to work is not conclusive of no negligence when their statements are contradicted by the physical facts.

4. Trial—Verdict by Nine Jurors.—An instruction permitting a verdict to be made by nine jurymen is proper in an action under the Federal Employers' Liability Act.

5. Trial—Instructions.—An instruction that the jury could not find for plaintiff in an action under the Federal Employers' Liability Act unless they believed the preponderance of the evidence was in his favor, offered by the defendant was properly refused.

6. Death—Pecuniary Loss—Beneficiaries.—Amount that may be recovered under the Federal Employers' Liability Act is limited to the pecuniary loss of the beneficiaries.

7. Death—Pecuniary Loss—Instructions.—In an action under the Federal Employers' Liability Act to recover for dependent parents the pecuniary loss sustained by wrongful death of a son, the instructions being correct, a verdict will not be held excessive simply because it is not the result of a calculation based upon the earning capacity of deceased at the time of his death, when it is warranted upon consideration of the reasonable expectation of benefits from the continuance of his life as it appears from all of the evidence.

8. Appeal and Error—Verdict.—A verdict of $4,000.00 is not so excessive as to indicate passion or prejudice upon the evidence in this case.

GEORGE G. BROCK, H. J. JOHNSON and BENJAMIN D. WARFIELD for appellant.

J. M. ROBSION for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Leander Thomas, twenty-one years of age, was employed and began to work for the Louisville and Nashville Railroad Company as a laborer in a tunnel upon its line of railroad about six o'clock on the evening of July 13, 1914. A few hours thereafter a large rock fell upon and killed him, from a place at or about where the wall and arch of the roof of the tunnel joined.

In this action filed by his administrator a judgment was recovered against appellant for $4,000.00. The suit was originally brought under the State law, but by amendment before trial the Federal Employers' Liability Act was relied upon for the recovery.

Appellant's answer admits the applicability of the Federal act, traverses the allegations of negligence and pleads contributory negligence and assumed risk.

The following errors are urged here by appellant as reasons for reversal: (1) In admitting incompetent evidence for plaintiff and rejecting competent evidence for the defendant; (2) in refusing a peremptory instruction for appellant; (3) in refusing to give instructions A, B, and D, offered by the defendant; (4) in giving on its own motion instructions that were given the jury; (5) that the damages are excessive.

1. The evidence complained of consists of: (a) life tables to show the expectancy of the decedent; (b) proof of the dependency of the father and mother of decedent; (c) proof of his youthfulness and inexperience.

(a) Appellant by one of its witnesses introduced the life tables to show the expectancy of the father and mother, by which the period of pecuniary loss is, of course, governed in this case, and upon cross-examination appellee was permitted to show by the same tables the expectancy of the decedent. This proof for appellee was certainly competent to show that the expectancy of the decedent covered that of his mother and father, but not for any other purpose, and had appellant requested it, the trial court would have limited it to that purpose. Not having made this request and the evidence being competent for one purpose, appellant cannot now complain. Thornton's Employers' Liability Act, p. 121; Stearns Coal & Lumber Co. v. Calhoun, 166 Ky. 607; Cassidy v. Berkovitz, 169 Ky. 785; 10 R. C. L. 929; 38 L. R. A. 637.

(b) Appellant contends upon the authority of Garrett v. L. & N. R. R. Co., 235 U. S. 308, that it was neces-

sary in order that appellee could recover under the Federal Employers' Liability Act that he should have stated with more particularity than he did, the dependency of decedent's parents. Having alleged it sufficiently, as we think, and appellant having traversed the allegation, we cannot now imagine upon what theory appellant bases its objection to the introduction of this evidence, for if it was necessary, and it was, to plead their dependency, it was not only competent, but incumbent upon appellee to prove it. I. C. R. R. Co. v. Doherty's Admr., 153 Ky. 363, and L. & N. R. R. Co. v. Holloway's Admr., 168 Ky. 262.

(c) The proof of decedent's youthfulness and inexperience was not necessary to establish, and did not alter or affect the cause of action, but it certainly was competent upon the question of decedent's ability to render pecuniary assistance to his aged and dependent parents; L. & N. R. R. Co. v. Holloway's Admr., *supra,* and was not prejudicial to appellant, because his ability to render assistance to his parents was diminished rather than enlarged, if the fact was established that he was youthful and inexperienced.

2. The court did not err in refusing to instruct the jury peremptorily to find for the appellant because the evidence shows conclusively that decedent was not engaged, at the time the accident befell him, in a work of preparation for the safety of the place where he was working. Other employes under the direction of a superior had scaled and sounded the roof and walls of the tunnel in order to make safe the place where decedent was required to work, and he did not enter upon his duties at the place of the accident until it had been inspected and scaled for the purpose of rendering it a safe place for him to work, nor until he had been assured by his boss that the place was safe. Under these conditions he did not assume a risk that his superior assured him, after inspection, did not exist, and the authorities cited by appellant upon the question of assumed risk have no application here. Deceased was permitted to have no part in the work of inspection or preparation of the place where he was required to work upon assurances of its safety, and the rock fell upon him out of the darkness from a place he had been assured had been made safe. Shearman & Redfield, section 185; Gila Valley G. & N. R. Co. vs. Hall, 232 U. S.

93; Seaboard Air Line Ry. v. Horton, 233 U. S. 92; L.
& N. R. R. Co. v. Cason, 116 S. W. 716; Consolidation
Coal Co. v. Moore, 166 Ky. 48; Stearns Coal & L. Co. v.
Calhoun, 166 Ky. 607; Wasioto & B. M. R. Co. v. Hall,
167 Ky. 819; C., N. O. & T. P. Ry. Co. v. Claybourne, 169
Ky. 315.

It is urged for appellant that the boss and the em-
ployes who assisted him in inspecting and scaling the
wall and roof of the tunnel showed that their work was
done thoroughly; that it was not shown by appellee
where the rock fell from, or how it came to fall; that he
therefore failed to show any negligence upon the part
of appellant from which the accident resulted. This
statement of the evidence, however, is not entirely cor-
rect, for one of the employes who assisted in inspecting
the roof and walls when asked how the rock could have
fallen if their inspection had been complete said "he
did not know unless they had overlooked this rock."
Another one of these employes said "that all of us"
(meaning those who had helped do the scaling and in-
specting) thought the rock would fall. Still another
witness said that the roof when struck with a hammer
sounded "drummy," which indicated that it was loose,
and besides this at the time of the accident decedent's
boss had had one prop placed under some timbers to
support the roof, and was having another prop sawed
the proper length to have it placed as an additional sup-
port to the roof. All of this was certainly some evidence
that appellant knew or ought to have known that the
place in which the decedent was directed to work was
not safe, from which it might reasonably be inferred
that appellant was negligent in requiring decedent to
work under this rock and under this roof. Besides
mere proof of an inspection and preparation that the
employes of appellant considered sufficient is not con-
clusive of no negligence when their statements are con-
tradicted by the physical facts as they were in this
case. Huddleston's Admr. v. Straight Creek Coal &
Coke Co., 138 Ky. 506, and North East Coal Co. v.
Setzer, 169 Ky. 245.

3. The instructions offered by appellant and re-
fused by the court which it is insisted here should have
been given are: (a) Instruction "A," that the verdict
must be agreed to by the entire jury, which raises the
same question as an objection to the sixth instruction

given by the court permitting a verdict to be made by nine jurors. The verdict in this case was made by all twelve of the jurymen, and it would not seem that appellant was prejudiced by the instruction given or the refusal to give the instruction offered, even if it had been entitled to a verdict by the whole jury; however, it has been uniformly held by this court that a verdict returned pursuant to section 2268 of the Kentucky Statutes and section 248 of our Constitution by only nine of the jurymen is not invalid in actions, brought in our courts under the Federal Employers' Liability Act, and that this provision of our law is not violative of the seventh amendment of the Constitution of the United States. C. & O. R. Co. v. Kelly's Admrx., 161 Ky. 655, 171 S. W. 185; L. & N. R. Co. v. Johnson's Admrx., 161 Ky. 824, 171 S. W. 847; L. & N. R. R. Co. v. Winkler, 162 Ky. 843, 173 S. W. 151; L. & N. R. R. Co. v. Stewart's Admrx., 163 Ky. 823, 173 S. W. 157; C., N. O. & T. P. Ry. Co. v. Claybourne's Admrx., *supra.* Nor has counsel for appellant convinced us our ruling upon this matter is not correct by the argument made here based upon our decisions in L. & N. R. R. Co. v. Lang, 160 Ky. 702 and L. & N. R. R. Co. v. Wilson, 165 Ky. 709.

(b) The next instruction offered by appellant and refused by the court, which is insisted should have been given, instructed the jury that they could not find a verdict against the appellant unless they believed that the preponderance of the evidence was in favor of the appellee. This contention is not in accord with the rule in this State, and has been decided adversely to appellant's contention in an action under the Federal Employers' Liability Act. L. & N. R. R. Co. v. Johnson, 161 Ky. 824; L. & N. R. R. Co. v. Winkler, 162 Ky. 843, 173 S. W. 151.

(c) The third instruction that appellant offered and now insists should have been given was upon the question of assumed risk, but as heretofore stated by us the facts in this case did not warrant the giving of such an instruction.

4. The instructions that were given by the court over appellant's objection which have not been referred to heretofore and which it vigorously urges were erroneous are I., II. and IV.

The first objection to instruction I. is that it assumes that there was evidence from which the jury had a right

to find that the place where decedent was working was dangerous or unsafe by reason ,of loose and overhanging rock, and that appellant's foreman could have so known by the exercise of ordinary care. This objection is but another way of stating appellant's belief that it was entitled to a peremptory, which from the evidence referred to heretofore in this opinion when considering the question of the court's refusal to peremptorily instruct the jury, will be seen is not warranted here.

The next objection to instruction I. is that it erroneously predicates a right to recover upon decedent's inexperience or ignorance. The instruction does not predicate any right of appellee to recover upon the ground of inexperience. It does, however, predicate deceased's right to rely upon assurances of safety given him by the foreman, upon the jury believing from the evidence that "deceased was inexperienced and ignorant of the dangers incident to his employment, if there was any." The word "inexperienced" should not have been in the instruction, as it required the jury to believe decedent was both inexperienced and ignorant of the danger, whereas they should have been required to find that he was ignorant only of the danger; but this error, if prejudicial, was prejudicial to appellee and not to appellant. No matter how experienced decedent might have been, he would have been authorized to rely upon the assurances of safety, if he himself was ignorant of the danger, unless the danger was so obvious as to prevent one of ordinary prudence from working there. The instruction in every other respect is correct, and appellant's cause was not in any wise prejudiced thereby.

Instruction II. given by the court defined the measure of damages, and the objection thereto is that there was no evidence that decedent had ever made such pecuniary contribution to his parents as to establish any basis whatever for recovery by them of loss of prospective pecuniary benefits if deceased had lived. While we recognize that the amount that may be recovered under the Federal act is strictly limited to the actual pecuniary loss of the beneficiary, as has been stated in American Railroad Co., &c. v. Dicrickson, 227 U. S. 145; Kansas City Southern Ry. v. Leslie's Admr., 238 U. S. 599, and I. C. R. Co. v. Doherty's Admr., 153 Ky. 363, we cannot agree with appellant's contention that the evidence failed to show the receipt of substantial pecuniary

benefits by both of the beneficiaries of decedent from him during his lifetime, and the reasonable anticipation of a continuance of such contributions if he had lived, increasing in amounts and frequency as his parents' needs became more urgent in the fourteen or fifteen declining years of their expectancies. Decedent was shown by the evidence to be in robust health, of good habits, industrious and frugal; that in addition to assisting his parents in performing the necessary labors incident to the operation of the small farm upon which they lived and upon the returns from which they subsisted, a very substantial pecuniary loss entirely ignored by counsel for appellant, he also contributed to them in cash, in small amounts and rather infrequently it is true, but in such amounts and as often as their needs demanded. This surely was sufficient evidence to warrant some recovery more than nominal damages, and to require an instruction upon the measure of damages. The instruction given correctly defined the measure of damage as "such an amount as will fairly and reasonably compensate" the parents "for the loss of pecuniary benefits" they might reasonably have received from decedent. Nor should the recovery be limited to the pecuniary loss of the father, as is urged upon us, simply because pecuniary assistance had been rendered to him, when the father and mother resided together and assistance to one inured to the benefit of both, as to any fair and unbiased mind it is manifest such assistance was rendered by the son to his parents jointly and not for one to the exclusion of the other. Neither is there any reason why the amount of the verdict should not be limited in such a case as this as in any other upon the evidence but not to exceed the amount sued for. Stating the amount sued for as the extreme limit for the finding upon the evidence does not suggest or authorize any finding except as warranted by the evidence, and is the form uniformly approved by this court. Hobson on Instructions, sec. 22.

The other instruction to which objection is urged here is the instruction upon the question of contributory negligence. In our view of the case there was no evidence to support any instruction upon the question of contributory negligence; but even if appellant had been entitled to the instruction, the one given was proper in form, and in no view of the case can it be said that ap-

pellant was prejudiced by its having been given. In it the jury were told that the negligence of deceased, if any, should diminish the damages "in proportion to his negligence as compared with the combined negligence of himself and defendant," and it is not subject to the criticism elicited by the instructions reviewed in Norfolk & Western Ry. Co. v. Earnest, 229 U. S. 114, and Seaboard Air Line Ry. Co. v. Tilghman, 237 U. S. 499, as contended by counsel for appellant, but conforms to the views expressed by the court in each of those decisions.

5. The last objection is that the verdict is excessive. Evidence that a young man twenty-one years of age under such conditions as surrounded these people had accumulated about $300.00 in personal property, and had also found the opportunity and exhibited the willingness to render assistance when needed in both labor and cash to his parents then past sixty-one years of age, is not only sufficient to authorize the submission of the question of the pecuniary loss suffered by the parents to the jury, but sufficient in our judgment to warrant a jury in finding a substantial verdict for the benefit of dependent parents who have been deprived of the reasonable anticipation of future pecuniary assistance from such a son by the negligent act of another. Chicago & E. I. R. Co. v. Beaver, 65 N. E. 145.

It is a matter of common knowledge that the need of pecuniary assistance by dependent parents sixty-one years of age from their son, was but just beginning and was certain to be continued and intensified as they became older, while the son's ability to render assistance was also only beginning, and the jury were not obliged to limit their finding to a calculation based upon the earning capacity of the decedent at the time of his death, as urged by appellant, since he had been engaged in that kind of work, as shown by the evidence, less than one day; but were warranted in estimating the amount of pecuniary loss suffered, to take into consideration the present and prospective ability of the decedent to render pecuniary assistance so far as was indicated by the evidence of his age, earnings, accumulations therefrom and habits at the time of and preceding his death in connection with such benefits as might reasonably have been anticipated by his beneficiaries from the continuance of his life, based upon such present and prospective ability

and the evidence of such pecuniary assistance as he had theretofore rendered.

From such a construction of the evidence in this case we are convinced we would not be warranted in saying that the verdict is so excessive, if excessive at all, as to strike the mind at first blush as having been superinduced by passion or prejudice, and therefore as uniformly held by this court a reversal will not be ordered for that reason. Section 340 of the Civil Code of Practice and note 20 thereunder.

Having discovered no error prejudicial to appellant in the trial of this case, the judgment is affirmed.