## RICKETTS v. DREW GROCERY CO.

(Division A. Nov. 18, 1929.)

[124 So. 495. No. 28161.]

Chapman, Moody & Johnson, of Indianola, for appellant.

Frank E. Everett, of Indianola, for appellee.

McGowen, J., delivered the opinion of the court.

Appellee, Drew Grocery Company, sued F. L. Ricketts, appellant, on an open account with the Drew Grocery Company made with the latter during 1928.

There is no dispute as to the amount of the account, nor is there any claim that any part of it was paid. It is shown that this account was made in securing goods for a commissary located on a place operated by the appellant; that Mrs. Nina Hatten operated the commissary; the privilege tax license was issued in her name; that the account was charged on the books of the Drew Grocery Company in her name. It was shown that the Drew Grocery Company had three accounts with Ricketts—F.

L. Ricketts, Ricketts & McCrory, and Mrs. Nina Hatten —all of which were claimed by the grocery company to be the obligation of Ricketts, the appellant, It was testified that Ricketts guaranteed the account, but, in explanation of his use of the word "guaranteed," the witnesses for the appellant stated that the account was initiated by Ricketts, and we set forth the witness' own statement:

"He told me Mrs. Nina Hatten was going to run his commissary out there and he and McCrory were in partners and he wanted to run it under the name of Mrs. Nina Hatten in order not to confuse it with Ricketts & McCrory's account and he guaranteed it. He said he was the owner of the business, the man who was going to put up the money and the man who was going to furnish the money to pay the bills, everything was guaranteed by him and it didn't make any difference what the amount was."

The appellant's testimony is that he simply introduced Mrs. Nina Hatten to the officers of the Drew Grocery Company, and stated that she had the money to pay her own bills, and that he did not become liable in the first instance, nor liable at all for her bills. She ran the business for several months, and then went out of business. It was shown that she had never conducted a mercantile business before, but she had engaged, for a short time, in the operation of a lunch counter. Her husband was a share cropper of Ricketts, and they lived in the rear of the commissary in which the business was transacted. Payments to the grocery company were made by Mrs. Hatten by her checks on a local bank.

The issue was submitted to the jury as to whether or not the obligation was of Ricketts, principal, or that of Mrs. Hatten, and the jury returned the following verdict:

"We, the jury, failed to agree—the vote ten to two in favor of the plaintiff for amount sued for."

On this verdict the court rendered judgment for the amount of the account, with six per cent. interest from November 15, 1928. Ricketts did not object to this ver-' dict at the time, nor to the entry of the judgment, but thereafter he entered a motion for a new trial, and, as one of the reasons therein assigned, contended, or asserted, that the verdict of the jury is not a legal verdict, but merely a statement that the jury failed to agree.

The first assignment of error is the verdict of the jury, which appellant contends is simply a statement that the jury failed to agree and is not a verdict in favor of the Drew Grocery Company for the amount sued for.

In our opinion, this verdict is clearly a statement by the jury that they failed to agree unanimously, but that by a vote of ten to two, the jury found in favor of the Drew Grocery Company for the amount sued for. It is true that no instruction was given the jury that nine or more jurors could agree upon and return a verdict into the court. Under section 2368, Hemingway's Code of 1927 (Laws of 1916, chapter 162), it is provided that the jury may return a verdict where as many as nine or more agree thereto, notwithstanding the fact that there may not be a unanimous agreement. The fact that they were not instructed on this point does not vitiate the verdict. Although they failed to agree, if nine or more of them did agree that the plaintiff should recover, then the verdict is in harmony with said instruction, and we can conceive of no other fair construction thereof, and the trial judge had the power to enter the judgment in accordance with the clear intention of the jury as stated in the verdict. See 27 R. C. L., section 30, p. 858, and section 32, p. 860; Morris v. Robinson Brothers Motor Co., 144 Miss. 861, 110 So. 683.

The second assignment of error is that the court below erred in not granting the peremptory instruction requested on behalf of the appellant. He contends that no

recovery can be had because the language we have quoted, from the testimony of the witnesses, as to how the account was contracted, brings it within the purview of the Statute of Frauds, Hemingway's Code of 1927, section 3325 (Code of 1906, section 4775), the applicable part of which is as follows:

"An action shall not be brought whereby to charge a defendant or other party . . .

"Upon any special promise to answer for the debt or default or miscarriage of another person; . . .

"Unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized in writing."

Appellant cites the case of Wray v. Cox, 86 Miss. 638, 38 So. 344, in which case Cox went into the store of Wray with certain negroes and told appellant, Wray, that she would see that their accounts were paid if he would furnish them; and the court there held that the undertaking of Cox to Wray was collateral and not original. In other words, they held that the evidence showed that, if the negro tenants did not pay the debt, then Cox would. In the case at bar, according to the clear-cut statement of the witnesses for the appellee, the undertaking was the original undertaking of Ricketts to run his business, and the name of Mrs. Hatten was used as a convenience to him in order to prevent confusion of accounts. It was a question for the jury as to whether or not the facts were as detailed by the appellant or as detailed by the appellee. The jury was warranted in adopting the testimony of the appellee. The transactions were oral, and not in writing.

Affirmed.