474

## ARKANSAS OAK FLOORING CO. v. PRITZEN.

### No. 10727.

Circuit Court of Appeals, Eighth Circuit.

Jan. 27, 1937.

M. L. Reinberger, of Pine Bluff, Ark. (N. J. Gantt, Jr., of Pine Bluff, Ark., on the brief), for appellant.

William R. Donham, of Little Rock, Ark. (Arnold Fink, of Pine Bluff, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

G. F. Pritzen, as plaintiff, brought this action against the Arkansas Oak Flooring Company and Henry Clanton, its foreman, as defendants, to recover damages for personal injuries sustained while in the employ of the company. The injuries were alleged to have occurred while the plaintiff was replacing a belt upon an end-matching machine in the company's mill, at Clanton's direction, and to have resulted from the negligence of the defendants. The action was commenced in the circuit court of Jefferson county, Ark., and removed by the defendant company to the United States District Court for the Eastern District of Arkansas. The defendant company denied that it was negligent, and alleged that the plaintiff was guilty of contributory negligence and that the injuries complained of were occasioned by a risk of his employment which he had assumed. The plaintiff dismissed as to the defendant Clanton. The case was tried to a jury, which returned a verdict for the plaintiff, and from the judgment entered thereon this appeal was taken.

The only error specified and argued was the failure of the court below to include in its charge the following instruction to the jury: "In addition to the risks ordinarily incident to his employment, the plaintiff also assumed such extraordinary risks as were open or apparent to him, and if you find from the evidence that the danger of replacing the belt was obvious to the plaintiff, then you are instructed that this danger was one of the risks assumed by him as an employee for which the defendant is not liable."

While the record shows that this instruction was included in a list of requested instructions handed to the trial court by the defendant at the commencement of the trial, it fails to show that the defendant at any time directed the court's attention to the instructions requested or secured from the court any ruling thereon, or that the defendant took any exception to the failure of the court to give the instruction which it is now claimed should have been given. It appears from the record that at the conclusion of the charge to the jury, the court said to counsel, "Anything further?" Counsel for defendant responded, "Nothing further." There does not appear anywhere in the record a single exception to the charge or to the failure of the court to give any requested instruction. Under the circumstances, there is nothing before this court for review. Hall v. Ætna Life Ins. Co. (C.C.A.8) 85 F.(2d) 447; United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555; Garrett Const. Co. v. Aldridge (C.C.A.8) 73 F.(2d) 814.

The judgment is affirmed.