## GRAND RIVER DAM AUTHORITY v. THOMPSON et al. and eight other cases.

### Nos. 2159, 2160, 2179, 2180, 2183, 2186, 2187, 2189, 2190.

Circuit Court of Appeals, Tenth Circuit.

March 3, 1941.

Jesse L. Ballard, of Vinita, Okl. (R. L. Davidson, of Tulsa, Okl., Q. B. Boydstun, of Vinita, Okl., and Gayle M. Pickens, of Miami, Okl., on the brief), for appellant.

Frank Nesbitt, of Miami, Okl. (Nelle Nesbitt, of Miami, Okl., L. Keith Smith, of Jay, Okl., J. J. Smith and Henry Walker, both of Miami, Okl., R. L. Wheatley, of Vinita, Okl., and Ad V. Coppedge, of Grove, Okl., on the brief), for appellees.

. Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

The appellant, Grand River Dam Authority, is a public corporation agency and instrumentality of the State of Oklahoma, created by an Act of the Oklahoma Legislature approved April 26, 1935, Okl.Session Laws, 1935, Chapter 70, Art. 4, Sec. 1, 82 Okl.St.Ann. § 861, in which it is authorized and empowered, among other things, to control, store and preserve the waters of Grand River and its tributaries for any useful purpose and to develop and generate water power and electric energy through the use thereof, and to sell and distribute the electrical energy produced.

Said appellant, with financial aid on the part of the government of the United States in the form of a loan and grant, has, for

the purpose of flood control and the development of hydro-electric power, completed the construction of a dam and power plant on said river near the town of Pensacola in Mayes County, Oklahoma.

Pursuant to the provisions of the Federal Power Act, 16 U.S.C.A. § 791a et seq., appellant applied for and received from the Federal Power Commission a license for the construction, maintenance and operation of said project, which includes a reservoir extending about 55 miles upstream from the dam and which is composed of approximately 52,000 acres of land. In acquiring title to these lands it became necessary in some instances for appellant to resort to condemnation, including the proceedings in the instant cases. Appellees separately owned or otherwise had some interest in and to various tracts of land located within either Delaware or Mayes counties, Oklahoma, situated within the area of said reservoir. The appellant being unable after diligent effort to acquire same for such reservoir purposes by purchase or amicable agreement, commenced said condemnation proceedings therefor in the United States District Court for the Northern District of Oklahoma to take and appropriate said land for the use and purposes aforesaid.

Said appellant alleged, inter alia, that the Federal Power Commission had issued to it a license authorizing the construction, maintenance and operation of the said project; that the amount claimed by the owners of each of the tracts of land sought to be condemned, excluding costs, exceeded $3,000, the proceedings being under and pursuant to Section 21 of the Federal Power Act, 16 U.S.C.A. § 814.

Upon the filing of the petitions in the condemnation proceedings, the Judge of the United States District Court for the Northern District of Oklahoma, as a part thereof and after due and timely notice to all parties named in said petitions, appointed Boards of Commissioners to assess the damages which would be sustained as a result of the taking and appropriating of the land.

Upon the reports of said boards of commissioners being returned and filed, the appellant deemed itself aggrieved thereby and desirous of having juries to assess such damages timely filed its demand for trial by jury. At the subsequent trials the jury therein returned general verdicts, in each case unanimous, fixing and assessing the amount of damages which the appellant should pay in compensation for the taking or appropriating of the lands in question.

Motions for new trials were duly and timely filed and overruled, and judgments rendered thereon in accordance with the verdicts, and appeals have been taken therefrom to this court.

Error is assigned in each appeal that (1) the trial court erred in instructing the jury that the verdict should be unanimous, and failed, refused and omitted to instruct the jury that three-fourths of the whole number of jurors concurring in a case were authorized to return a verdict; and (2) in case No. 2180 (Ray et ux.), whether two certain tracts of land constituted one unit or separate units, was a question for determination by the court, and it was error to submit such question to the jury; and (3) in case No. 2189 (Newburn et al.) that the trial court erred in refusing, failing and omitting to instruct the jury to return separate verdicts with respect to each of the farms therein involved, and further erred in giving an instruction to the jury in effect to return a single verdict with respect to the two farms and fix and assess the damages in a lump sum.

Whilst under the Oklahoma Constitution the right of trial by jury is to remain inviolate and in civil cases a verdict may be rendered by three-fourths of the whole number of jurors concurring (Okl.Const. Art. 2, Sec. 19, Okl.St.Ann.), it is not essential here to determine as to whether the common-law rule requiring unanimous verdict applies in these cases in lieu of the provisions of said Sec. 19, Art. 2 of the Constitution.

In Curtis & Gartside Co. v. Pigg, 39 Okl. 31, 134 P. 1125, 1131, it is said: "The intent of this provision [Sec. 19, Art. 2] of the Constitution is not to deprive the jury of a reasonable time in which to consider its verdict, nor to give the court power to constitute nine of the number as the jury and the remaining three as an unnecessary surplusage; but its object is to provide that where, after due deliberation has been given to the issues involved, and after a reasonable time has been spent in an endeavor to reach a just verdict, they be unable to concur unanimously, then in order to prevent delay, and mistrials and defeat of justice, three-fourths of their number concurring shall have power to render a verdict. Note the language of the Constitution: 'Three-fourths of the whole num-

ber concurring shall have power to render a verdict.' This language clearly implies that the power is with the jury to say whether they will render a three-fourths verdict, and not with the court to peremptorily demand it."

 A failure, though requested, to instruct the jury that three-fourths of its number could agree upon and return a verdict, as a rule neither vitiates a unanimous verdict agreed upon and returned by the jury, nor operates as reversible error. First National Bank of Lawton et al. v. Thompson, 41 Okl. 88, 137 P. 668; Thompson & Rose v. Tyler, 27 Okl. 729, 113 P. 709; Arizona Eastern R. Co. v. Bryan, 18 Ariz. 106, 157 P. 376; Murphy et al. v. Shaffer et al., 58 Cal.App. 453, 208 P. 1003; Adams Express Co. v. Aldridge, 20 Colo.App. 74, 77 P. 6; Louisville & N. R. Co. v. Thomas' Adm'r, 170 Ky. 145, 185 S.W. 840; Ricketts v. Drew Grocery Co., 155 Miss. 459, 124 So. 495; Reith v. Ansley, 162 Miss. 886, 140 So. 521; Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 113 S.W. 1108; Portwright v. St. Louis Transit Co., 183 Mo. 72, 81 S.W. 1091; Baxter v. Magill, 127 Mo.App. 392, 105 S.W. 679; Gauthier v. Carbonneau et al., 226 Wis. 527, 277 N. W. 135; 64 Corpus Juris 1064.

In all of said appeal cases, 2159, 2160, 2179, 2180, 2183, 2186, 2187, 2189, 2190, neither was contention then nor here made that the unanimous verdicts as returned were not supported by substantial evidence. No exceptions were properly saved in cases 2159, 2179, 2180, 2183, and 2186 on account of instruction as to unanimous verdicts or failure to instruct that three-fourths of the jury concurring were authorized to return a verdict.

In case No. 2180 (Ray et ux.), as to said assigned error No. 2, the uncontroverted evidence, which is substantial, discloses that the appellees had owned the two tracts for over twenty years, one consisting of 120 acres on one side of Cowskin River, and the other on opposite side of said river, consisting of 80 acres on which they lived, a public road with a ford thereon affording means of access from their residence on one tract to the other, and they had operated same as a farm unit for ten years or more, appellant by said proceeding appropriating all of said 120-acre tract except 8 acres, and 13.7 acres of said 80-acre tract.

In City of Tulsa v. Horwitz, 131 Okl. 63, 267 P. 852, 854, appellant seeking to condemn under eminent domain a piece of land off of the southwest corner of Lot 1, Block 6, original townsite of said city, the court said: "The evidence shows that the two lots were separated by a 20-foot alley, but that they were suitable for and intended to be and had been used in the pipe supply business, were bought at the same time and intended to be used for that purpose, and had always been used together, so that the taking of a part of lot 1 necessarily affected the value of lot 2 to some extent," and were treated as constituting a unit.

As to Edwards v. Thrash et al., 26 Okl. 472, 109 P. 832, 138 Am.St.Rep. 975, cited by appellant, the only questions involved and passed on were as to whether (1) the trustees of an incorporated town or village organized under the laws of Oklahoma Territory were authorized and empowered to lay out, open, grade, and otherwise improve the streets, alleys, sewers, sidewalks, and crossings therein, and to keep them in repair, and (2) as to whether the jurisdiction of equity may generally be invoked by an abutting lot owner to restrain a municipality from making upon a street previously dedicated to public use, public improvements such as paving and the construction of sidewalks, until such abutting owner has first been compensated for any consequential damages arising therefrom and such abutting lot owner having an adequate remedy at law to recover such damages, the question as to whether two or more separate tracts or parcels constituted a unit being neither involved nor considered.

 In the instant case where two tracts acquired at different times and parts of each tract being appropriated under proceedings in eminent domain for a public use, in assessing damages the two tracts may be treated as a farm unit.

In Sharpe v. United States, 3 Cir., 112 F. 893, 896, 57 L.R.A. 932, the tracts not being immediately contiguous, it is said: "In applying this rule, however, regard is had to the integrity of the tract as a unitary holding by the owner. The holding from which a part is taken for public uses must be of such a character as that its integrity as an individual tract shall have been destroyed by the taking. Depreciation in the value of the residue of such a tract may properly be considered as allowable damages in adjusting the compensation to be given to the owner for the land taken. It is often difficult, when part

of a tract is taken, to determine what is a distinct and independent tract; but the character of the holding, and the distinction between a residue of a tract whose integrity is destroyed by the taking and what are merely other parcels or holdings of the same owner, must be kept in mind in the practical application of the requirement to render just compensation for property taken for public uses. How it is applied must largely depend upon the facts of the particular case and the sound discretion of the court."

The Supreme Court of the United States, in approving said decision (191 U.S. 341, 24 S.Ct. 114, 117, 48 L.Ed. 211) said: "If the evidence were such as to leave it a matter of some doubt whether the land owned by the plaintiff in error were one tract or separated into three separate and distinct tracts, it would be proper to leave that question to the jury, with the instruction that if they found that it was one tract, then damages might be awarded, and refused if they were separate and independent tracts."

See, also, Pittsburgh, C., C. & St. L. Ry. Co. v. Crockett, 182 Ind. 490, 106 N.E. 875; Cleveland, C., C. & St. L. Ry. Co. v. Smith, 177 Ind. 524, 97 N.E. 164; In re Queen Anne Boulevard, 77 Wash. 91, 137 P. 435.

The following additional authorities support the unit rule as disclosed in the instant case: Chicago & E. R. Co. v. Hoffman, 67 Ind.App. 281, 119 N.E. 169; Haggard v. Independent School Dist. of Algona, 113 Iowa 486, 85 N.W. 777; Hoeft v. State, 221 Iowa 694, 266 N.W. 571, 104 A.L.R. 1008; Westbrook v. Muscatine, N. & S. R. Co., 115 Iowa 106, 88 N.W. 202; Paulson v. State Highway Commission, 210 Iowa 651, 231 N.W. 296; Ham v. Wisconsin, I. & N. Ry. Co., 61 Iowa 716, 17 N.W. 157; St. Paul & Sioux City R. R. Co. v. Murphy, 19 Minn. 500, 19 Gil. 433; State v. Hoblitt, 87 Mont. 403, 288 P. 181; Oregon R. & Nav. Co. v. Taffe, 67 Or. 102, 134 P. 1024, 135 P. 332, 515; Essex Storage Electric Co. v. Victory Lumber Co., 93 Vt. 437, 108 A. 426.

In appeal case No. 2189 as to assignment of error No. 3, as specified, in which it is averred that the trial court erred in that it refused, failed and omitted to advise and instruct the jury to render and return separate verdicts with respect to each of the farms involved, and further erred in that it gave an instruction to the jury to return only a single verdict with respect to the two farms and therein fix and assess in a lump sum the damages awarded.

As disclosed by the record the court was requested in writing to instruct the jury as a matter of law that the Lake Farm and Wolf Creek Farm were not to be considered as one farm unit but as separate units, and to return separate verdicts. The court charged the jury that the farms were separate units and to separately assess the damages, but gave no instruction as to returning separate verdicts. Neither were any exceptions saved either on account of the failure to give the instruction as requested nor as to the omission of instruction for return of separate verdicts.

Rule 51 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

■ On account of absence of exceptions in the respect complained of, nothing is here for review. Scritchfield v. Kennedy, 10 Cir., 103 F.2d 467; Southern Kansas Stage Lines v. Gibson, 10 Cir., 87 F.2d 23; Western Express Co. v. Smeltzer, 6 Cir., 88 F.2d 94, 112 A.L.R. 74; Arkansas Oak Flooring Co. v. Pritzen, 8 Cir., 87 F.2d 474; H. F. Wilcox Oil & Gas Co. v. Skidmore, 8 Cir., 72 F.2d 748; Taylor v. United States, 5 Cir., 71 F.2d 76.

■ The uncontroverted evidence is that the appellees in case No. 2189 owned a 91.-36-acre tract known as the Wolf Creek farm and a 126.45-acre tract designated as the Lake farm, said tracts being five or six miles apart and used separately, appellant appropriating all of each tract. The trial court instructed the jury to determine the "fair, cash, market value" of each tract separately, and then to add the two amounts together and return their verdict for the total sum. No exception was reserved to the action of the trial court. Its action appears to be without reversible error.

The judgments in the nine appeals are affirmed.