### JAMES ROGERS v. STEPHEN J. COX.

Argued February 19, 1901—Decided October 15, 1901.

1. In case of joint tort-feasance, satisfaction by anyone liable discharges the claim for damages.  The injured person is legally entitled to but one satisfaction.

2. To a declaration averring communication by the defendant to the proprietor of a newspaper for publication therein of a defamatory statement of and concerning the plaintiff, and its consequent publication in such newspaper, the defendant pleaded (1) a release, under seal, to the proprietor of the newspaper, and (2) accord and satisfaction with such proprietor in the publication in the newspaper of a retraction of the defamatory statement. On a joint demurrer to these pleas—*Held*, that the first presented a bar to the action, and that therefore it was unnecessary to consider the other.

On demurrer to pleas.

The plaintiff, in his declaration, alleges that the defendant "willfully stated or transmitted on, &c., * * * to John Alfred Potter, editor, proprietor and publisher of a newspaper published, &c., * * * known as the 'Cranford Chronicle,' for publication therein, a libelous, false, slanderous and defamatory story or statement of and concerning the plaintiff, and thereby secured the actual publication of the same in said newspaper in the issue of March 30th, 1900."

Then follows the alleged defamatory publication, with averments of its meaning and the claim of damages.

The defendant, besides the general issue, pleads specially (1) a release, under seal, by the plaintiff to Potter, and (2) an accord and satisfaction between the plaintiff and Potter in the publication in the "Cranford Chronicle" of a "full and complete retraction of the alleged libelous and defamatory matter."

Against these pleas the plaintiff interposes a general demurrer.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff, *Bruce & Runyon.*

For the defendant, *Robert Carey.*

The opinion of the court was delivered by

COLLINS, J. The claim in the brief of counsel for the defendant, that the declaration does not show a cause of action

against the defendant, is not well founded. The case made is one of a joint tort in the publication of the alleged libel in the "Cranford Chronicle" on the date mentioned, the inspiration coming from the defendant and the newspaper being issued by Potter. It is expressly averred that the defamatory matter was communicated for the purpose of its publication in that newspaper. The pleas, therefore, are fairly before the court.

In case of joint tort-feasance satisfaction by anyone liable discharges the claim for damages. The injured person is legally entitled to but one satisfaction. This has been the law from very early times (*Co. Litt.* 232 *a*, § 376; *Cocke* v. *Jennor, Hob.* 66), and is well established in this court. *Spurr* v. *North Hudson County Railway Co.,* 27 *Vroom* 346. If the defendant be considered merely as the instigator of Potter's tort, the case is not different. *Bird* v. *Randall,* 3 *Burr.* 1345.

A release under seal implies consideration. Hence, the plea of release in this case is an absolute bar to the action. The demurrer being addressed to the pleas jointly cannot stand, as one is good. *Hudson* v. *Inhabitants of Winslow,* 6 *Vroom* 437, 444. Therefore we have not considered the other plea. The defendant is entitled to judgment.