## THE ST. CUTHBERT.

### (District Court, D. New Jersey. October 9, 1907.)

RELEASE—LIABILITY OF VESSEL FOR INJURY TO STEVEDORE—SETTLEMENT WITH JOINT TORT-FEASOR.

Libelant, while in the employ of stevedores engaged in discharging a vessel, was injured by the falling upon him of a bale of goods being hoisted by the winch, caused by the slipping of the gear of the winch, which was furnished by the vessel, but was being operated by the stevedores. There

was testimony tending to show that the slipping was the result of using a rusty nail to hold the lever in place, instead of a proper pin, and that the nail was jarred from its place. Such testimony also showed that the nail was observed by the winchman on the day before. Libelant settled with the stevedores for his injury and gave them a release. *Held* that, accepting such testimony as true, the vessel and the stevedores were joint tort-feasors, the one for furnishing, and the other for knowingly using, an unsafe appliance, and the release of one released both from liability and precluded recovery against the vessel for the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Release, §§ 64–71.]

In Admiralty. Suit for damages.

Wilford H. Smith, for libelant.

John M. Woolsey, for claimant.

LANNING, District Judge. The libelant was injured on July 26, 1906, while working for T. Hogan & Sons, the stevedores who, under a contract with the steamship St. Cuthbert, were discharging her cargo. While the libelant was in the hold of the steamship, a winch slipped its gear and allowed a bale of rags, which with the use of the winch was being hoisted out of the hold, to fall on him. The winch was being operated by another employé of T. Hogan & Sons, and not by any employé of the steamship. The libelant claims that the proximate cause of his injury was the use of a rusty nail to hold in its place a certain lever by which the gearing of the winch was controlled. He insists that a round pin of proper size should have been used, that the nail was easily jarred from the hole in which it was inserted, that in fact it was jarred from its place while the winch was being operated, and that in consequence of its displacement the lever moved, the gearing slipped, and the bale of rags fell.

The man who operated the winch, an employé of the stevedores as above stated, testifies that he saw the rusty nail in the lever the night before the accident. Two other employés of the stevedores also say that they saw it the night before the accident. Although the steamship's witnesses deny that any rusty nail was used for the purpose stated, the testimony of the libelant's witnesses upon that point may, for the purposes of the present case, be assumed to be true. If true, and if the use of the rusty nail was an act of negligence, the steamship and the stevedores were joint tort-feasors. The steamship furnished it and the stevedores used it. But the proofs show that the libelant has received satisfaction from the stevedores for the injury he complains of in the present libel, and has given them a general release from all claims arising therefrom. The release of one joint tort-feasor releases all of them. Furthermore, the libelant's own proofs show conclusively that, if any one was negligent, the winchman was. The winchman was the libelant's fellow servant.

Whatever view of the case we take, the libelant is without a legal claim against the steamship, and his libel must be dismissed.