CLABAUGH v. SOUTHERN WHOLESALE GROCERS' ASS'N et al.

(Circuit Court, N. D. Alabama, S. D.    September 15, 1910.)

No. 1,279.

1. TORTS (§ 22*)—JOINT WRONGDOERS—SATISFACTION.
    Where two parties are jointly responsible to a third party for one wrong, while the wronged party may sue either or both, and recover judgments against either or both, he can have but one satisfaction for the same wrong.
    [Ed. Note.—For other cases, see Torts, Cent. Dig. § 29; Dec. Dig. § 22.*]

2. ACCORD AND SATISFACTION (§ 3*)—CONSTRUCTION AND OPERATION—SETTLEMENT WITH ONE OF TWO JOINT WRONGDOERS.
    Plaintiff brought suit in a state court against the president of a wholesale grocers' association to recover damages for an alleged wrongful interference with his business. He subsequently commenced an action in a federal court against the association to recover damages for the same injury, alleged to have been caused by a conspiracy in restraint of trade, in violation of Sherman Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200). Pending such action he settled the suit in the state court, and received payment of the agreed sum from the defendant therein. *Held*, that such settlement was an accord and satisfaction of his entire claim, and a bar to the second suit, and that, not being entitled to recover actual damages in such suit, he was not entitled to recover the threefold damages or attorney's fees provided for by section 7 of the act.
    [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 22–31; Dec. Dig. § 3.*]

Action by Hinton G. Clabaugh against the Southern Wholesale Grocers' Association and others. On motion by defendant for direction of verdict. Motion sustained.

Campbell & Johnston, for plaintiff.

Wright & Wright, Caruthers Ewing, and Cabaniss & Bowie, for defendant.

GRUBB, District Judge. This is a suit instituted by Mr. Clabaugh against the Southern Wholesale Grocers' Association, a corporation, for damages to his business, alleged to have been caused by interference with it by the Southern Wholesale Grocers' Association by preventing the manufacturers from selling goods to him, by him to be sold to retailers. The action was brought under what is known as the "Sherman Anti-Trust Law," enacted by the Congress of the United States. Act July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200). Whether there has been a violation of that act by the Southern Wholesale Grocers' Association is not necessary, in my judgment, to be determined in this case, for the reason that the defendant has pleaded that, conceding that there was any violation of the act which entitles the plaintiff to damages, the plaintiff in this case has, before the trial, settled for those damages with another party, who is jointly liable with this defendant.

Before I enter on the facts, I might say that it is a well-recognized principle of law that where two parties are jointly responsible to a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

third party for one wrong, while that third party, the wronged party, can sue either or both, and get judgments against either or both, he can get but one satisfaction for the same wrong. Otherwise he would be getting paid twice. So, if he has been paid by one wrongdoer his full damages, then he has no right to look to the other wrongdoer for any damages, even though that wrongdoer was jointly responsible with the one who pays.

In this case the plaintiff, Mr. Clabaugh, sued in the state court Mr. James A. Van Hoose, who was president of the association, which is now defendant in this court, alleging that these same acts of interference which broke up his business, as he claims, were done by Mr. Van Hoose as president of this same association. Of course, if the president did them, he would be liable personally, because he could not do wrong for his principal, and not be responsible for that wrong himself. Therefore he would be responsible, and he would also make his principal responsible, if he acted within the scope of his authority as president. Therefore it may be said, for the sake of argument, that both of them were responsible for the wrongs that have been charged in the state court in the suit against Mr. Van Hoose, which, as I construe it, are the same exactly as Mr. Clabaugh here sues for, and for which he asks damages against the Southern Wholesale Grocers' Association.

Now, after the suit had been brought in the state court, and after there had been a trial, which resulted in a disagreement of the jury, Mr. Clabaugh and Mr. Van Hoose came to an agreement which is represented by the documents which have been presented here to settle that case. This agreement provided for the payment of $10,000 by Mr. Van Hoose, stipulating that, if all the money was not paid by a certain date, a judgment should be entered for that amount in the circuit court, a jury being waived. Had that judgment been rendered according to agreement, it would have been a full satisfaction of the wrongs complained of in that case. The agreement providing for that method of remedy, I think it is a fair construction of the agreement that the parties intended, in settling the case, to settle Mr. Clabaugh's full damages against Mr. Van Hoose—the full damages for the injuries alleged in the complaint against Mr. Van Hoose.

Giving the agreement that construction, Mr. Clabaugh had no right to sue anybody else, even though he attempted to reserve that right in his agreement with Mr. Van Hoose, because, having once been paid in full for his damages, he had not the legal right to make any agreement which would give him a right to sue any other person for the same damages, upon the idea that a man cannot recover twice for the same damages, and that if one wrongdoer pays him in full he has no right to look to the other, even though he seeks to reserve that right in the agreement with the party who pays. In this case the agreement of settlement was in writing, and it is the duty of the court to construe it. The court construes it as constituting an accord and satisfaction of the damages Mr. Clabaugh claimed in the Van Hoose suit in the circuit court. That being true, the law makes the same agreement and its full performance by Mr. Van Hoose a full accord and satisfaction of the cause of action sued on by Mr. Clabaugh against

the association in this case. Therefore the plea is made out by the undisputed evidence, the documents in the case.

It is true Mr. Clabaugh said he did not agree that the costs paid him by Mr. Van Hoose were the full costs; but I think he cannot be heard to say this after he took the check and paid the clerk, and the clerk received it without objection, and he made no further demand until after this trial was entered upon. I think he is to be treated as having accepted that as performance of the agreement, whether it was full performance or not. So the verdict in this case should be for the defendant, on the idea that the cause of action, conceding it existed, has been settled by Mr. Clabaugh's receipt of $10,000 from Mr. Van Hoose, which I construe to have been received by him in full satisfaction of the damages he claimed in the suit against Mr. Van Hoose, and which are the same damages he claims in this suit.

There is one other thing which I should have said. The act of Congress under which this suit is brought provides for the recovery, not of single damages, but threefold damages; but the construction of that act by the Supreme Court in the case of Montague & Co. v. Lowry, 193 U. S. 38, 24 Sup. Ct. 307, 48 L. Ed. 608, is to the effect that threefold damages are only recoverable when the plaintiff has a cause of action that would entitle the jury to award single damages. In other words, the function of the jury is to only render a judgment for actual damages, and the court then triples them; but if there is nothing to go to the jury for single damages, then the court has no jurisdiction to render any judgment for triple damages. And the same is true as to the attorney's fees. I think they are merely an incident to a judgment for the plaintiff. If no such judgment is obtained, then there can be no allowance for attorney's fees, though the settlement was made after this suit was commenced.