**TANANA TRADING CO. v. NORTH AMERICAN TRADING & TRANSPORTATION CO.**

(Circuit Court of Appeals, Ninth Circuit. February 8, 1915. On Cross-Appeal, March 18, 1915.)

No. 2172.

1. RELEASE &⇒29—JOINT WRONGDOERS—EFFECT OF RELEASE OF ONE.

A corporation had seven directors, who owned all of its stock, a majority of which was owned by B. and S., president and vice president and treasurer, respectively, of the corporation. B., who was authorized to sell certain boats and barges, sold them to defendant on terms less favorable than those authorized. After the transfer the directors other than B. and S. disaffirmed the contract, and having, without consideration, issued enough stock to L., one of their number, to give them a majority, removed B. and S. from office, and brought suit against them and defendant for fraudulent conspiracy in the sale. B. and S. sued to restrain the issuance of the additional stock, and obtained an injunction. Subsequently all the directors entered into mutual agreements, whereby the suit of B. and S. was to be dismissed, and B. and L. given full charge of the corporation's business for the purpose of winding it up, and a resolution was passed releasing B. and S. from all causes of action and damages arising out of the sale. *Held*, that such release operated also to release defendant, as the dismissal of the suit by B. and S. was a sufficient consideration for the release, there was no reservation of any right of action against defendant, and the action of all of the directors was the action of the corporation itself.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. &⇒29.]

2. TORTS &⇒22—ACTIONS—PARTIES—JOINT TORT-FEASORS.

In cases of joint torts, the injured person may sue one or all of the joint tort-feasors, or any number less than all.

[Ed. Note.—For other cases, see Torts, Cent. Dig. §§ 29, 31; Dec. Dig. &⇒22.]

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. RELEASE ☜29—JOINT TORT-FEASORS.**

Where there is but one injury by joint tort-feasors, there can be but one satisfaction.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. ☜29.]

**4. RELEASE ☜29—JOINT WRONGDOERS—EFFECT OF RELEASE OF ONE.**

If an injured person executes a release to one joint tort-feasor, it bars an action against the others, as the cause of action is satisfied and no longer exists.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. ☜29.]

**5. CORPORATIONS ☜417—ACTS OF DIRECTORS AS ACTS OF CORPORATION.**

The action of all of the directors of a corporation, owning all of its stock, in releasing two of them from liability for an alleged fraudulent conspiracy with a third party in connection with a sale of property to such third party, was the action of the corporation itself, especially where the corporation was conducted as a joint venture of the stockholders, without regular meetings of the directors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1670–1675; Dec. Dig. ☜417.]

In Error to and Cross-Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska.

Action by the Tanana Trading Company against the North American Trading & Transportation Company. Judgment for defendant, and plaintiff brings error. Affirmed.

At the close of the trial in this action the court below directed a verdict in favor of the defendant in error. That ruling is the only error which is assigned. The parties to the action will be named herein plaintiff and defendant, as they were in the court below. The plaintiff was engaged in carrying on a trading business on the Yukon and Tanana rivers. In connection therewith it owned the steamer Ella, two barges, the Independence and the Dakota, and a nine-sixteenths interest in the steamer J. P. Light. From the owner of the remaining interest therein it held a lease. The plaintiff had seven directors, Bain, Struthers, Dwyer, Bishoprick, Cameron, Livingston, and Blair, and the directors owned all of the stock which had been issued. Bain and Struthers owned the majority thereof. Bain was the president, and Struthers was the vice president and treasurer. The plaintiff had been unsuccessful in its business, and desired to dispose of its vessels and barges. In July, 1906, Bain, who was at Seattle, entered into an agreement with Isom, the general manager of the defendant, for the sale of the boats and barges. The plaintiff was to receive therefor $60,000, and was to have from the defendant a special freight rate for the remainder of that season at $60 per ton, the usual rate being $70. The directors had previously agreed to sell, and had authorized Bain to sell the boats and barges upon the payment of $57,000 and an agreement for a freight rate of $30 per ton. The sale was made and the vessels were transferred to the defendant by Struthers as vice president and Dwyer as secretary. Subsequently all the directors except Bain and Struthers disaffirmed the contract, on the ground that it had been made in violation of the terms upon which the property was to have been sold, and that Bain and Struthers had concealed from them knowledge of the provision for the payment of $60 per ton freight rate. In the latter part of October, 1906, 325 additional shares of capital stock were issued to Livingston, althought he paid nothing therefor. The minority, claiming to have attained thereby a majority of the stock, removed Bain and Struthers from office and directed that a suit be brought against the defendant and Bain and Struthers, charging the three defendants with fraudulent conspiracy in the sale. That suit was brought on December 1, 1906. At the same time Bain and Struthers brought a suit against the other directors to declare void and restrain the issuance of the additional stock to Livingston.

About January 1st all the directors met and entered into mutual agreements, the effect of which was that the corporation be wound up, that the suit of Bain and Struthers against the other members be dismissed, and that Bain and Livingston be left in full charge of the business of the corporation for the purpose of winding it up. A resolution was passed releasing the defendants Bain and Struthers from any and all causes of action and damages arising out of the matters and things set forth in the complaint in the action in which they were defendants. Thereafter in its amended complaint the plaintiff omitted Bain and Struthers as parties defendant. The amended complaint, on which the cause was tried, alleges that the defendants conspired together to cheat, deceive, and defraud the plaintiff, and made the sale of the boats in violation of the authority which had been given to Bain and Struthers, and that they fraudulently and wrongfully represented to the plaintiff that the sale had been made according to the terms of its resolutions. The plaintiff prayed for a judgment against the defendant for the sum of $169,000 as damages, and for the return of the boats and barges, or for the value thereof in the sum of $65,-000, in case possession could not be had.

Louis K. Pratt and A. R. Heilig, both of Fairbanks, Alaska, and John F. Cassell, of San Francisco, Cal., for plaintiff in error.

Frederick Bausman, R. P. Oldham, and R. C. Goodale, all of Seattle, Wash., and Chas. J. Heggerty, of San Francisco, Cal., and McGowan & Clark, of Fairbanks, Alaska, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The court below sustained the defendant's motion for an instructed verdict on two grounds: First, that the plaintiff was estopped from bringing the action by its acts and conduct after it had discovered the nature of the transactions between Bain and Isom; and, second, that by releasing Bain and Struthers the plaintiff released the defendant. We do not deem it necessary to discuss the first ground on which the motion was granted, as, in our opinion, the second ground was sufficient to support the ruling of the court. There was a consideration for the release of Bain and Struthers. They had brought a suit against the corporation and the other directors to declare invalid and to enjoin the issuance of the 325 shares of stock to Livingston. In that suit they had obtained an injunction. What it may have been worth in money to the corporation or to the other stockholders to obtain a dismissal of that suit in view of its interference with corporate action and its embarrassment to the other directors and the officers who ostensibly controlled the action of the corporation, does not appear; but we may assume that the consideration was equivalent to full satisfaction for all the wrong done by the acts of those two directors. We have this situation, then: Here were these other directors, who were also stockholders of the corporation, who had made a settlement with the two officers whom they charged with conspiracy to defraud them, and to whose acts all the loss which had been sustained by reason of the sale to the defendant was attributable, accepting full satisfaction from them, and restoring them to their confidential relations to the corporation and to the other stockholders, restoring Bain, the principal actor in the alleged fraudulent transactions to the office of president, and adding to that office the office of treasurer, and in-

220 F.—50

trusting to him the winding up of the corporation and the collection and distribution of its assets, and yet it is claimed that the corporation could, after doing all these things, go on and prosecute its demands against the defendant on account of its participation in the alleged fraud.

[2-4] In cases of joint torts, the injured person may sue one, or any number less than all, of the joint tort-feasors, or may sue all; and, where there is but one injury, there can be but one satisfaction. If the injured person executes a release to one of the joint tort-feasors, it operates to bar an action against the others, for the reason that the cause of action is satisfied and no longer exists. The law applicable to the case is stated in a well-considered opinion by Judge McClain in Farmers' Sav. Bank v. Aldrich, 153 Iowa, 144, 133 N. W. 383, where it is said:

"The weight of authority in this country seems to be unquestionably in support of the rule that an adjustment with one wrongdoer, and his release from all further liability, discharges all the joint wrongdoers, even though there is a reserved intention, either expressed or implied, to look to the other wrongdoers for further damages or compensation."

See, also, The St. Cuthbert (D. C.) 157 Fed. 799; Gore v. Henrotin, 165 Ill. App. 222; Seither v. Philad. Traction Co., 125 Pa. 397, 17 Atl. 338, 4 L. R. A. 54, 11 Am. St. Rep. 905; Rogers v. Cox, 66 N. J. Law, 432, 50 Atl. 143; Abb v. Northern Pacific Ry. Co., 28 Wash. 428, 68 Pac. 954, 58 L. R. A. 293, 92 Am. St. Rep. 864; McBride v. Scott, 132 Mich. 176, 93 N. W. 243, 61 L. R. A. 445, 102 Am. St. Rep. 416, 1 Ann. Cas. 61; Wallner v. Chicago Traction Co., 245 Ill. 148, 91 N. E. 1053; Sircey v. Rees' Sons, 155 N. C. 296, 71 S. E. 310; L. & N. R. R. Co. v. Allen, 67 Fla. 257, 65 South. 8; Casey v. Auburn Tel. Co., 155 App. Div. 66, 139 N. Y. Supp. 579.

The plaintiff relies on Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623. That was a case in which certain directors of a corporation had diverted funds thereof. It was held that an instrument purporting to be a release by a receiver of the corporation to persons who had conspired with the defaulting directors, executed upon a compromise by which the receiver obtained a portion of the funds demanded, but providing in terms that the execution of the release should not affect any cause of action of the receiver against any person not named therein, did not, under the law of New York, relieve the directors of the company from liability when sued by the receiver to recover the balance of the diverted moneys. It was held, further, that the fact that prior to the appointment of the receiver mutual releases had been exchanged between the insurance company and one of the directors would not relieve the other directors from liability, and that the board of directors could not waste the funds of the corporation and then relieve themselves from liability by a release granted by themselves to a codirector.

[5] That case differs in its facts from the case at bar. The release given by the receiver in that case contained the express reservation of the right to recover the remainder of the money. In the present case we have an absolute release, containing no reservations, made by all the other directors, who represented all the stock, and purport-

ing to be made by the corporation itself, and, although it was not signed by the corporation, it was signed by all the other directors and stockholders, Livingston, Bishoprick, Blair, Cameron, and Dwyer. The action of all the directors in such a case should be taken to be the action of the corporation itself. Especially should this be held in the case of a corporation conducted as this was, as a joint venture of the stockholders and without regular meetings of the directors. A corporation will not be dealt with strictly as a legal entity in a case where the notion of legal entity is relied upon to justify wrong, "contrary to the real truth and substance of things." Linn & Lane Timber Co. v. United States, 196 Fed. 593, 116 C. C. A. 267; McCaskill v. United States, 216 U. S. 504, 30 Sup. Ct. 386, 54 L. Ed. 590; In re Rieger (D. C.) 157 Fed. 609; United States v. Milwaukee Refrigerator Transit Co. (C. C.) 142 Fed. 247; Exploration Mercantile Co. v. Pacific H. & S. Co., 177 Fed. 825, 829, 101 C. C. A. 39; Smith v. Moore, 199 Fed. 689, 118 C. C. A. 127.

The judgment is affirmed.

### On Cross-Appeal.

In this case there was a cross-appeal by the North American Transportation & Trading Company from the judgment of the court below, wherein that court affirmed the decision of the clerk of the court below in taxing costs in favor of said appellant upon objections made to such cost bill by the plaintiff in said action. The transcript contains no statement of evidence in regard to the costs, the allowance of which was based on the facts in the case, and not on questions of law. It follows that there is before this court nothing upon which the court is authorized to act.

The judgment of the court below upon the cost bill is affirmed.