## SPIESS v. SOMMARSTROM SHIP BUILDING CO.

(Circuit Court of Appeals, Ninth Circuit. April 4, 1921.)

No. 3623.

1. **Shipping ⊜86(2)—Order dismissing libel held proper.**

A libel, by employee of subcontractor of outfitting contractor against shipbuilding company and the outfitting contractor and subcontractor, for injuries from slipping on gangplank improperly fastened, *held* properly dismissed as to the shipbuilding company; it appearing on the face of the libel that the gangplank was furnished by one or the other of the subcontractors and containing no allegation that it was part of the equipment of the ship or was furnished by it.

2. **Release ⊜29(1)—Settlement with subcontractors held to release shipbuilder.**

Where a libel was based on the theory that defendants were joint tortfeasors, but it had been dismissed as to defendants contractor and sub-

contractor by a stipulation showing on its face that the libelant compromised and settled with and thereby released the defendants, under whom he was working at the time of the injury, it was not maintainable against the defendant shipbuilding company, as there was but one right of action for the injury, for which libelant was entitled to but one satisfaction.

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Libel by Joseph Spiess against the Sommarstrom Shipbuilding Company and others. From an order of dismissal as to the named defendant, libelant appeals. Order affirmed.

Wm. P. Lord, of Portland, Or., for appellant.

Carey & Kerr and Charles A. Hart, all of Portland, Or., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. This libel was brought by the appellant against Pacific Marine Iron Works, a corporation, George H. Sturges and Robert B. Sturges, doing business as partners under the name of Sturges & Sturges, and the appellee corporation, which latter corporation constructed, at its shipyards at Columbia City, Or., a certain steamship named Datis, and launched it June 21, 1918, and contracted with the Pacific Marine Iron Works corporation for the fitting out by the latter of the ship for an ocean voyage, for which purpose the ship was, on the 29th of April, 1919, berthed by the builder at the dock of the Iron Works Company in the Willamette river, which latter company sublet a portion of its fitting out and plumbing contract with the Sommarstrom Shipbuilding Company to the firm of Sturges & Sturges, who were plumbers. The libelant was an employee of Sturges & Sturges in performing their contract, and while so engaged, in passing from the ship to the dock by means of the gangplank, the latter slipped because it was not properly fastened, thereby throwing the libelant into the water of the river and inflicting the injuries for which the action was brought.

The defendant shipbuilding company filed exceptions to the libel on the ground that it owed no duty to the libelant with respect to the safety of the plank furnished by his employers for the purpose of going on and off the ship in the performance of his work, which exceptions were sustained by the trial court. Subsequently the proctors for the libelant, Sturges & Sturges, and the Pacific Marine Iron Works Corporation entered into this stipulation:

"It is hereby stipulated and agreed by and between the libelant and George H. Sturges and Robert B. Sturges and the Pacific Marine Iron Works, a corporation, the respondents above named, that the above-entitled cause and all suits or actions arising from the facts set forth in the libel, whether in admiralty, law, or equity, have been compromised and settled as between them, and may be dismissed as to said named respondents with prejudice and without costs, by order and judgment of the court."

And pursuant to that stipulation an order was thereafter entered by the court dismissing the libel—

"with prejudice and without costs to the respondents, George H. Sturges and Robert B. Sturges and Pacific Marine Iron Works."

Subsequently the order which is the subject of the present appeal was entered in the court below. It reads:

"This cause was heretofore heard by the court upon the exceptions of the respondent, Sommarstrom Shipbuilding Company, to the libel herein and order was duly entered sustaining said exceptions on November 3, 1919: Now, therefore, upon application of said respondent, Sommarstrom Shipbuilding Company, appearing by Mr. Robert Kuikendall, of proctors, it is ordered that the libel herein be and the same is hereby dismissed."

The theory upon which the libel was based obviously was that the defendants thereto were joint tort-feasors. The stipulation by which it was dismissed as to the Pacific Marine Iron Works and the Sturgeses shows upon its face that the libelant compromised and settled with and thereby released the defendants under whom he was working at the time of his injury. In the nature of things there was but one right of action for his injury, for which he was entitled to but one satisfaction. The St. Cuthbert (D. C.) 157 Fed. 799; Ann. Cas. 1913B, 270; Tanana Trad. Co. v. Nor. Am. T. & T. Co., 220 Fed. 783, 786, 136 C. C. A. 389.

It is to be observed, also, that the libel contains no allegation that the plank used in the doing of the subconstractors' work was furnished by the builder as a part of the ship's equipment, or that the defendant Sommarstrom Company ever had anything to do with it. On the contrary, we think it appears upon the face of the libel itself that it was a plank furnished by one or the other of the subcontractors in the performance of their work; for the libel shows that the ship was conveyed by the builder to the dock of the Pacific Marine Iron Works, to be prepared and made ready for an ocean voyage, in the course of which the libelant was injured by reason of the failure to properly fasten a plank leading from the ship to the dock, described in the libel as—

"a board or plank of about 3 inches by 12 inches and about 14 feet or more in length, placed from the after main deck of said steamship to the said dock or wharf."

Not only is there no allegation that such "board or plank" was a part of the equipment of the ship furnished by its builder, but we think it obvious that it was a mere temporary plank furnished by one or the other of the subcontractors for the work they contracted to do.

The order is affirmed.