## PACIFIC STATES LUMBER CO. v. BARGAR.

(Circuit Court of Appeals, Ninth Circuit. January 18, 1926.)

No. 4686.

**1. Master and servant ⬅88(1)—Action under Oregon Employers' Liability Law will not lie by one not employé.**

An action for damages under Oregon Employers' Liability Act (Or. L. § 6785 et seq.) will not lie by one who was not an employé carrying on his work at place where he is injured.

**2. Negligence ⬅18—Oregon Employers' Liability Law requires employers to take precautions for protection of employés of others.**

Under Oregon Employers' Liability Act (Or. L. § 6785 et seq.), every employer whose work involves risk or danger is required to take required precautions, not only for protection of his own, but also for other employés, whose duties bring them within reach of dangers and risks of such work.

**3. Courts ⬅366(1)—Construction placed on statute by state Supreme Court is binding on federal courts.**

Construction placed upon a state statute by state Supreme Court is binding on federal courts.

**4. Negligence ⬅134(10)—Evidence held not to show injured stevedore's work was wholly for stevedoring company loading lumber supplied by lumber company.**

In action under Oregon Employers' Liability Act (Or. L. § 6785 et seq.) for injuries sustained by employé of stevedoring company while loading lumber supplied by defendant lumber company on vessel at defendant's dock, evidence held not to show that work in which plaintiff was hurt was wholly that of stevedoring company.

**5. Negligence ⬅18—Lumber company held required to exercise care required by Oregon Employers' Liability Law toward stevedoring company's employé.**

Where stevedoring company's employé was required to work about defendant lumber company's dock in loading lumber supplied by defendant on a vessel, if such work involved risk or danger, defendant was required to exercise care required by Oregon Employers' Liability Act (Or. L. § 6785 et seq.) toward such employé.

**6. Release ⬅29(1)—Release of one joint tort-feasor will release other.**

Release of one joint tort-feasor will release the other.

**7. Release ⬅7, 37—Agreement not to sue one joint tort-feasor held not a "release," but a "covenant not to sue"; covenant not to sue does not release another tort-feasor.**

Agreement not to sue one joint tort-feasor which specifically provided that it should not affect any claim against another party did not constitute a "release," but a "covenant not to sue," and did not relieve other tort-feasor of liability.

**8. Damages ⬅63—Joint tort-feasor held entitled only to have sum secured by injured party against other joint tort-feasor credited on judgment.**

Where sum accepted by injured party from one of joint tort-feasors was not in satisfaction of his claim, other joint tort-feasor was only entitled to have such sum credited on judgment secured by injured party against it.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by R. J. Bargar against the Pacific States Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

On the 6th of July, 1923, defendant in error, hereinafter called plaintiff, sustained injuries while working on the dock of plaintiff in error, hereinafter called the defendant, at Marshfield, Or. He brought an action in the district court for Oregon charging that the defendant had neglected the precautions required of it by the Oregon Employers' Liability Statute (section 6785 et seq. Or. L.). Judgment was entered on a verdict for plaintiff, and defendant brings error.

Goss & Murphy, of Marshfield, Or., and W. D. Burnett, of Portland, Or., for plaintiff in error.

Lord & Moulton, of Portland, Or., for defendant in error.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. Defendant claims that plaintiff neither alleged nor proved a cause of action under the Employers' Liability Statute. It appeared that at the time plaintiff was injured he was employed by Coos Bay Stevedoring Company. This corporation was loading on the steamship De Perre a cargo of lumber supplied by the defendant. The vessel was moored at the defendant's dock, and the defendant was delivering the lumber within reach of the ship's gear. The lumber was delivered in small four-wheel cars hauled from the mill on tracks by horses. The cargo was being stowed in several of the vessel's hatches at the same time. The defendant kept a man with a horse on the dock for the purpose of moving the cars so as to place them opposite the proper part of the vessel. This man, Sylvester by name, under instructions from the stevedoring company's foreman, moved a car of lumber, unhooking from it while it was moving about three miles an hour. When the car reached the proper

place for loading the lumber, plaintiff undertook to stop it by putting a board on the track. This did not stop the car, but it rendered the load unstable, and a part of it fell on plaintiff.

The provision of the Employers' Liability Law on which plaintiff relies is the following language found in section 6785, Or. L.: "All owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices." It is contended that defendant should have put stanchions on the side of the car to have held the lumber in place; that laths should have been placed crosswise between the tiers of lumber; and that chains or ropes should have been placed about the lumber. There was a controversy as to whether any of these methods of handling the lumber were practicable, but there was some evidence to support plaintiff's contention.

[1-3] The Oregon Employers' Liability Law is designed to protect employés. An action for damages under the statute will not lie at the instance of one who is not an employé carrying on his work at the place where he is injured. Turnidge v. Thompson, 89 Or. 637, 653, 175 P. 281; Saylor v. Enterprise Electric Co., 106 Or. 421, 436, 212 P. 477. Every employer whose work involves risk or danger is required by the statute to take the required precautions, not only for the protection of his own employés, but also for the protection of employés of others whose duties bring them within reach of the dangers and risks of such work. The Supreme Court of Oregon has so construed the statute, and this construction is binding on the federal courts. Clayton v. Enterprise Electric Co., 82 Or. 149, 161 P. 411; Cauldwell v. Bingham & Shelley Co., 84 Or. 257, 155 P. 190, 163 P. 827; Rorvik v. North Pacific Lumber Co., 99 Or. 58, 70, 190 P. 331, 195 P. 163.

[4] The Oregon court has also held that the statute is inapplicable to a party who is engaged in no work at the time of the accident. McCauley v. Steamship Willamette, 109 Or. 131, 145, 215 P. 892; Warner v. Synnes (Or.) 230 P. 362; Id. (Or.) 235 P.

305. Defendant contends that the work which was in progress when plaintiff was hurt was wholly that of Coos Bay Stevedoring Company. We do not so read the record. Defendant's witnesses testify that the car of lumber which caused plaintiff's injury was delivered at the dock an hour to an hour and a half prior to the accident. Emil Nelson, superintendent of the stevedoring company, testified as follows:

"Q. Now as I understand it, Mr. Nelson, the mill company sells this lumber to the person who is taking it away on the ship, and the cars deliver that in reach of the ship's gear, don't they? A. Yes.

"Q. In other words, that means that the mill company is to put it available so that the falls from the ends of the boom will reach it? A. Yes."

With reference to defendant's employé Sylvester, Nelson testified:

"Q. He isn't a fellow that has to be told every time a car is moved? A. No. Of course his duty to fill up, the minute he sees the track is empty for him to pull loaded cars in right away.

"Q. Because of that contract between the milling company and the purchaser of the lumber? A. Yes.

"Q. By which the milling company undertakes to put the lumber in reach of the ship's gear. That is why he is there, isn't it? A. Yes.

"Q. And he is there to do the milling company's part of that contract? A. I presume that is it. The milling company is supposed to deliver the cargo to us within the ship's gear."

[5] The defendant was delivering lumber to the ship's tackles, and the stevedoring company was stowing it on the vessel. Both corporations were active at the time of the accident, and, if the work of either involved risk or danger, it was bound to exercise the statutory precautions for the protection of the employés of the other. The district court did not err in instructing the jury as follows:

"It appears in evidence in this case that the plaintiff was required by reason of his duties to work in and about this dock in assisting in loading lumber, and with carloads of lumber that the defendant company sent down to the wharf. If, therefore, you should believe from the evidence that the work in which he was engaged involved * * * risk or danger, then it was the duty of the defendant to exercise the care required by statute."

On the 11th of March, 1924, plaintiff accepted $2,000 from Coos Bay Stevedoring Company, and executed an agreement with that corporation which recites the injury, the fact that the stevedoring company was insured by Indemnity Company of North America, and which then contains the following language:

"That said R. J. Bargar claims that said Coos Bay Stevedore Company and the Pacific States Lumber Company are liable in damages for negligence on account of said injury, yet, as far as the Coos Bay Stevedore Company is concerned, the said R. J. Bargar is willing to enter into a covenant not to sue the said company on account of said injuries and negligence, but not so as to affect any rights said R. J. Bargar has or may have against the said Pacific States Lumber Company.

"It is therefore agreed between the parties hereto that in consideration of the payment to said R. J. Bargar of the sum of two thousand dollars by the Coos Bay Stevedore Company and the Indemnity Company of North America, the receipt whereof is hereby acknowledged, the said R. J. Bargar does hereby covenant to and with the said Coos Bay Stevedore Company and the Indemnity Insurance Company of North America that he will forever refrain and will not bring any suit, action or proceeding at law in equity or a court of admiralty, or in any court against said Coos Bay Stevedore Company, a corporation, and the Indemnity Insurance Company of North America, a corporation, for and on account of any injuries sustained by him while in the employ of said Coos Bay Stevedore Company on the 6th day of July, 1923, but this covenant is not to effect or prejudice in any way any right or cause of action that said R. J. Bargar may have against the Pacific States Lumber Company, a corporation, on account of said injuries."

[6] The defendant contends that this transaction should be treated as full satisfaction of plaintiff's claim and as a bar to this action. This court is committed to the proposition that a release of one joint tort-feasor will release the others. Spiess v. Sommarstrom Co. (C. C. A.) 272 F. 109. There is, however, a distinction between a release and a covenant not to sue. 34 Cyc. 1090. In Smith v. Dixie Park Co., 128 Tenn. 112, 120, 157 S. W. 900, 902, it is said:

"Releases of, and covenants not to sue, a wrongdoer have from early times been considered distinct. A covenant not to sue

10 F.(2d)—22

one of several joint obligors or joint tort-feasors did not at common law operate to discharge others from liability, since it was said not to have the effect, technically, of extinguishing any part of the cause of action. *. * *

"Indicia of a covenant not to sue may be said to be: No intention on the part of the injured person to give a discharge of the cause of action, or any part thereof, but merely to treat in respect of not suing thereon (and this seems to be the prime differentiating attribute); full compensation for his injuries not received, but only partial satisfaction; and a reservation of the right to sue the other wrongdoer."

[7] By all of the tests the instrument executed by plaintiff is a covenant not to sue. The $2,000 was not accepted in satisfaction of plaintiff's claim, and the transaction is not a defense to this action. The Thomas P. Beal (D. C.) 298 F. 121; Matheson v. O'Kane, 211 Mass. 91, 97 N. E. 638, 39 L. R. A. (N. S.) 475, Ann. Cas. 1913B, 267, 269. These principles are recognized by the Oregon court. Stires v. Sherwood, 75 Or. 108, 116, 145 P. 645.

[8] The jury assessed plaintiff's damages at $4,500. Under the court's instructions they credited thereon the $2,000 paid by the stevedoring company. This was all that the defendant was entitled to.

There are no other errors assigned. The judgment is affirmed.