### WESTERN EXPRESS CO. v. SMELTZER.

### SAME v. LECHLGHTNER.

### SAME v. BERKEY.

### Nos. 7065–7067.

Circuit Court of Appeals, Sixth Circuit.

Feb. 12, 1937.

Donald M. Marshman, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellant.

Marvin C. Harrison, of Cleveland, Ohio (Harrison & Marshman, of Cleveland, Ohio, and Murphy O. Tate, of Chicago, Ill., on the brief), for appellees.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeals from judgments based on jury verdicts in three personal injury actions which arose out of the same facts and were consolidated for trial. The actions were instituted by representatives of one party killed and two injured in the acci-

dent, who for convenience will be referred to herein as appellees. The court directed a verdict for three of five joined defendants, and later granted a motion requiring appellees to elect against which of the two remaining defendants they should proceed. Appellees elected to proceed against appellant, and the action as to Delmar Horning, the other defendant, was accordingly dismissed without prejudice.

At about 1:45 in the morning of August 19, 1933, appellees were returning from the Chicago Fair along with twenty-seven others, all of whom shared in the expenses of the trip, riding in an easterly direction in a truck having a cattle-rack or stake body in which benches were placed for the passengers. About three miles west of South Bend, Indiana, the truck collided with a tractor and trailer proceeding in a westerly direction, driven in appellant's service by Harold Schaab. The tractor was owned by Horning, and was hauling a load for appellant in a trailer owned by the Cleveland Cartage Company, appellant's affiliate. The left front corner of the trailer struck the left front corner of the cattle truck, knocking off the stakes and throwing the passengers out on the road.

Appellant contends (1) that the court improperly excluded material evidence; (2) that appellant was entitled to a directed verdict, and (3) that the court in its charge deprived it of the defense of contributory negligence.

As to the first point, appellant claims that the court erred in excluding a certain release executed prior to the accident by the passengers on the truck in favor of the truck owner, a copy of which is as follows:

"Whereas, Orvil M. Metzler is contemplating going to the A Century of Progress International Exposition at Chicago, Illinois, leaving Wakarusa, Indiana, on the 18th day of August, 1933, and

"Whereas, the undersigned wish to accompany the said Orvil M. Metzler and attend said exposition, therefore it is agreed as follows:

"That in consideration of the carriage of the undersigned upon the Truck of said Orvil M. Metzler to Chicago and return, whether with or without charge for such carriage, each of the undersigned severally hereby voluntary assume all risk of accident or damage to his or her person and property, and hereby release and discharge the said Orvil M. Metzler from every claim, liability or demand of any kind for or on account of any personal injury or damage of any kind sustained, whether caused by the negligence of said Orvil M. Metzler or otherwise.

"Dated Wakarusa, Indiana, this 18th day of August, 1933."

The jury, as later shown in detail, found both drivers negligent. Appellant therefore urges that the release of Metzler discharged all tort feasors. The general common law rule is that a release of one joint tort feasor after the cause of action arises, and in satisfaction thereof, releases all joint tort feasors from liability for the same tort. Spiess v. Sommarstrom Ship Building Co., 272 F. 109 (C.C.A.9). Cf. Pacific States Lumber Co. v. Bargar, 10 F.(2d) 335 (C.C.A.9). The rule is based on the theory that the release constitutes a satisfaction and extinguishes the cause of action. This is true even though there is a reserved intention to look to other wrongdoers for further damages or compensation. Cf. Tanana Trading Co. v. North American Trading & Transportation Co., 220 F. 783 (C.C.A.9). In this case it was assumed that the consideration given was equivalent to full compensation, and the opinion quotes with approval from Farmers' Savings Bank v. Aldrich, 153 Iowa, 144, 133 N.W. 383, and holds that the injured party is entitled to but one satisfaction. Clabaugh v. Southern Wholesale Grocers' Ass'n, 181 F. 706 (C.C. Ala.).

Where the amount received as consideration is not full compensation for the injury, certain courts construe the release as a covenant not to sue the tort feasor released, and as not discharging other tort feasors. Cf. Carey v. Bilby, 129 F. 203 (C. C.A.8); Smith v. Dixie Park & Amusement Co., 128 Tenn. 112, 121, 157 S.W. 900. The nature of the injury giving rise to the cause of action has sometimes been held to have bearing on the sufficiency of the compensation. The consideration for the release is presumed more persuasively to constitute full satisfaction in causes where the damages are indeterminate than where the sum received in settlement is materially less than the determinable damages actually experienced. But this phase of the question is subsidiary to the question whether the satisfaction has been complete. Ellis v. Esson, 50 Wis. 138, 6

N.W. 518, 36 Am.Rep. 830. When the covenant plainly is a covenant not to sue one tort feasor, some courts hold that none of the other joint tort feasors are discharged. Pacific States Lumber Co. v. Bargar, supra; Matheson v. O'Kane, 211 Mass. 91, 97 N.E. 638, 39 L.R.A.(N.S.) 475, Ann.Cas.1913B, 267.

■ None of these decisions deals with an instrument executed prior to the accruing of the cause of action, but they shed light upon the present problem. Appellees paid their proportionate share of the full cost of the trip in return for which they obtained the ride to and from Chicago. It can not reasonably be said that as against a stranger to the contract the ride alone was compensation also for damages resulting from possible death or serious injury.

Since the doctrine relied on rests upon the principle that an action grounded upon joint tort is one and indivisible and is extinguished by the release, the reason underlying the doctrine does not here exist. As the instrument extinguished no existing cause of action, the District Court correctly excluded it. Whether or not as to appellees Smeltzer and Lechlghtner, who are minors, the release was voidable as urged, we need not here decide.

As to the second point, appellant moved for a directed verdict in its favor upon the ground that Horning was an independent contractor for whose actions and for the actions of whose servant, Schaab, who drove the tractor, appellant is not responsible. The court overruled this motion and submitted the cases to the jury with two special interrogatories, the first of which deals with the negligence of the respective drivers. The jury found that both were negligent. The second interrogatory and its answer are as follows:

"2. While operating the truck through Schaab, was Horning the employe and servant of The Western Express Company, or was he an independent contractor?

"Answer: Was employe and servant."

Appellant urges that there is no substantial evidence to support this finding.

Appellant is an Ohio corporation engaged in motor freight transportation under an interstate license of the Public Utilities Commission of Ohio. It has freight stations in Cleveland, Toledo and Columbia, Ohio, and also one at Chicago, Illinois. Its method of doing business is as follows: Its freight is collected at Toledo or Cleveland, put in a sealed trailer usually owned by one of its affiliated companies and hauled to Columbia, Ohio, which is about a mile from the Indiana boundary. At Columbia appellant's dispatcher sends out the tractors and trailers, giving each driver a sealed envelope on which the destination is written. No further communication is had with the driver between terminals. Appellant hires twelve or fifteen tractors with drivers for the haul between Columbia and Chicago, and pays a flat rate for the trip depending upon whether the trailer is loaded or empty. The driver is required to sign a report for appellant, stating the time required for the trip, and if it is more than eight and a half hours, is compelled to explain the delay. Horning, who himself drove regularly for appellant, has no written contract with appellant, and pays all expenses in the operation of his two trucks, including Schaab's wages.

■ The decisive question is whether there is substantial evidence of appellant's right to control Horning and his servant Schaab. The accident occurred in the course of Schaab's employment, and the gist of the controversy is whether or not Horning was appellant's servant. If appellant retained the right to direct the manner in which the freight should be hauled as well as the result to be accomplished, then Horning was the employee of appellant, not an independent contractor, and appellant is liable for Horning's negligence in the prosecution of his duties. P. F. Collier & Son Co. v. Hartfeil, 72 F. (2d) 625, 629 (C.C.A.8); Howard W. Luff Co. v. Capece, 61 F.(2d) 635 (C.C.A.6).

■■ We think that the question is governed by the doctrine announced in Pittsburgh Valve Foundry & Construction Co. v. Gallagher, 32 F.(2d) 436 (C.C.A.6). It was there held that whether the relationship was that of master and servant or of employer and independent contractor is to be determined in each case from direct and circumstantial evidence involving the nature and extent of the work to be done. In that case, as here, the service was rendered by one who supplied his own automobile, but the court held that there was no error in refusing to direct a verdict for the defendant upon the ground that the owner of the automobile was presumably subject to the control and direction of defendant whether this power was exercised

or not. As pointed out in Standard Oil Co. v. Anderson, 212 U.S. 215, 221, 29 S. Ct. 252, 254, 53 L.Ed. 480: "It sometimes happens that one wishes a certain work to be done for his benefit, and neither has persons in his employ who can do it nor is willing to take such persons into his general service. He may then enter into an agreement with another. If that other furnishes him with men to do the work, and places them under his exclusive control in the performance of it, those men become pro hac vice the servants of him to whom they are furnished." All the circumstances described by the Supreme Court exist here except that of exclusive control. Upon that point the evidence is in controversy. In favor of appellant's contention are the facts that Horning owned the tractors operated by himself and Schaab, that none of appellant's servants was present to give orders during the hauls, and that payment was made by the trip. But these facts are not determinative. Horning hauled for appellant exclusively, and spent his whole time in appellant's service. Appellant not only specified the time in which the run should be made, but supervised the method of the run by a system of written reports made out on forms which appellant furnished. The drivers were "permitted" to follow either of two routes from Columbia to Chicago. At Chicago they awaited orders, and were compelled to leave information where they could be reached. Appellant's president stated that each driver on arriving in Chicago was "ordered" to go to the dock. Horning had no discretion as to when he should take his load. He had to wait for his turn as did Schaab and all the other drivers at Chicago and Columbia. Both Horning and Schaab took their orders in exactly the same way from appellant's dispatchers and superintendents. While Horning paid Schaab, it was not he, but appellant, who told Schaab what load to take, when to take it, how to proceed, and when to return. We think this record presents substantial evidence to support the jury's finding that Horning was employee and servant of appellant.

As to the third point, the court charged that the negligence of the driver of the truck could not be imputed to the appellees. It is appellant's theory that this charge was erroneous, as the record presents a case of joint or common enterprise. However, appellant did not except to this portion of the charge, and therefore the question is not before us.

The judgments are affirmed.