**T. S. ALPHIN and Alphin Aircraft, Inc., Appellants,**

v.

**Richard HENSON et al., Appellees.**

**No. 75–1635.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1975.

Decided May 17, 1976.

Carl W. Schwarz, Washington, D. C. (Metzger, Noble, Schwarz & Kempler; Robert M. Beckman, Frank Kingston Smith, Beckman & Smith, Washington, D. C., on brief), for appellants.

George J. Goldsborough, Jr., Easton, Md., and (Broughton M. Earnest, Easton, Md., on brief), for appellees Richard Henson and Henson Aviation, Inc.

(Robert E. Kuczynski, Daniel W. Moylan and William P. Nairn, Hagerstown, Md., on brief), for appellee The City of Hagerstown.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and MERHIGE, District Judge.[*]

PER CURIAM:

T. S. Alphin and Alphin Aircraft, Inc., instituted this action against Richard Henson and Henson Aviation, Inc., together with the City of Hagerstown, Maryland, charging the defendants with violations of Section 2 of the Sherman Act, 15 U.S.C. § 2. The plaintiffs sought damages as well as injunctive relief.

The district court found that Henson had attempted to monopolize and granted injunctive relief under Section 16 of the Clayton Act,[1] but concluded that the plaintiffs had failed to prove that they had suffered any injury as a result of Henson's conduct and declined to award damages under Section 4 of the Act.[2] The court granted the plaintiffs' prayer for costs but refused their request for attorneys' fees, and the sole issue raised on this appeal is the denial of such fees.

We agree with the district judge that attorneys' fees could not properly be awarded in this case. As stated in *Byram Concretanks, Inc. v. Warren Concrete Prod. Co. of N. J.,* 374 F.2d 649, 651 (3 Cir. 1967):

"In a long line of cases the courts have interpreted this section of the Clayton Act not to permit plaintiffs to recover attorneys' fees unless treble damages are awarded, regardless of whether injunctive relief is granted. *Clabaugh v. Southern Wholesale Grocers Association,* 181 F. 706 (C.C.Ala.1910); *Decorative Stone Co. v. Building Trades Council of Westchester County,* 23 F.2d 426 (2nd Cir. 1928); *Allen Bradley Co. v. Local Union No. 3, I. B. of E. Workers,* 51 F.Supp. 36 (D.C.N.Y. 1943); *Alden-Rochelle, Inc. v. American Soc. of C., A. and P.,* 80 F.Supp. 888 (D.C.N.Y.1948)."

The failure of the plaintiffs to prevail upon their claim for damages precluded any recovery for attorneys' fees under Section 4, and the other theories urged upon us for the recovery of such fees are foreclosed under *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

The judgment of the district court is affirmed.

*AFFIRMED.*

* Honorable Robert R. Merhige, sitting by designation.

