## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Commonwealth of Virginia

v.

Joseph R. Winslow,
Elm Farm Associates Limited Partnership,
Winslow, Inc.,
Jerry C. Faircloth,
A. A. Mobile Market, Inc.

June 26, 1987

Case No. (Chancery) 20943

By JUDGE H. SELWYN SMITH

In this action against defendants, the Commonwealth sought injunctive relief, civil penalties, and attorney's fees and costs for alleged violation of Virginia's Antitrust Act. After trial on the merits, the Court found that all defendants had violated § 59.1-9.5 of the Code of Virginia (Court's Opinion of February 20, 1987). The Court (1) granted injunctive relief against all defendants; (2) imposed civil penalties against defendants Joseph R. Winslow, Jerry C. Faircloth, and A. A. Mobile Market, Inc.; and (3) opined that the Commonwealth would be entitled to a reasonable attorney's fee and costs. The Court is now compelled to reverse that part of its previous opinion regarding entitlement of the Commonwealth to attorney's fee and costs.

The narrow issue in this matter is whether the Attorney General may recover attorney's fee and costs after prevailing in a suit in equity brought on behalf of the Common-.

wealth pursuant to § 59.1-9.15(a) when a suit for damages was not also brought. This Court holds that an award of attorney's fees and costs may not be made to the Attorney General in an action for equitable relief only. The issue is apparently one of first impression.

Actions under the Virginia Antitrust Act are divided between personal suits (§ 59.1-9.12) and suits on behalf of the State (§ 59.1-9.15). The issue arises from the fact that both sections are subdivided into suits for damages and suits in equity. Recovery of attorney's fees and costs in both sections is expressly provided in suits for damages while both sections are conspicuously silent regarding recovery in suits in equity.

The Commonwealth contends that (1) recovery may be had no matter which subsection is applicable to the action because of the cumulative remedies provision in Section 59.1-9.16; and (2) public policy necessitates recovery in this case in order to give the Attorney General an incentive to enforce the Antitrust laws. Defendants contend that the division of actions between damages and equity is significant and that recovery may not be had in equity actions when there is no express provision for such recovery within the subsection. Since there is no Virginia authority on point, the Court relies upon Section 59.1-9.17 which provides that construction of Virginia's Antitrust Act should be in harmony with judicial interpretations of comparable federal statutory provisions.

Analysis must begin by deciding which subsection(s) of § 59.1-9.15 apply to the present action. Subsections (a), (b), (c), and (d) of § 59.1-9.15 specify in what capacity the Attorney General may bring an action and the relief that may be granted. Reference to the subsections of § 59.1-9.15 in both § 59.1-9.13 "Effect of conviction in other proceedings" and § 59.1-9.14 "Limitation of actions" illustrates that each subsection of § 59.1-9.15 is a separate action with separate and different remedies attaching.

The Bill of Complaint filed on May 13, 1985, alleging "violations of the Virginia Antitrust Act, Va. Code Sections 59.1-9.1 to 59.1-9.17" did not specify which subsection(s) of § 59.1-9.15 applied to this action. The complaint did, however, specify that the action was being brought on behalf of the Commonwealth "in its sovereign capacity

132

... to secure civil penalties and injunctive relief as authorized by Va. Code §§ 59.1-9.11 and 59.1-9.15." In addition to a request for attorney's fees and costs, the prayer requested injunctive relief and civil penalties. No damages for injury were requested nor were damages an issue at trial. The Court must conclude that the action was pursuant to § 59.1-9.15(a) only.

Virginia's Antitrust Act is comparable to the Sherman and Clayton Acts. Significantly, these federal statutory provisions also divide antitrust actions between private suits for damages (15 U.S.C. § 15) and in equity (15 U.S.C. § 26) and suits brought by the Attorney General for damages (15 U.S.C. § 15a) and in equity (15 U.S.C. Sect. 4). Prior to 1976, these provisions also expressly provided recovery of attorney's fees and costs in suits for damages but were silent regarding recovery in suits in equity. Federal judicial decisions under these provisions hinge on whether recovery is expressly provided within the statute.

The law is well settled regarding recovery of attorney's fees and costs in actions for damages. In a private action pursuant to 15 U.S.C. § 15, the courts have consistently held that recovery may be had by a prevailing plaintiff. *International Travel Arrangers, Inc. v. Western Airlines, Inc.,* 623 F.2d 1255, 1273 (8th Cir. 1980), *cert. denied,* 449 U.S. 1063 (1980). Not only is recovery permitted, the express provision for such recovery within the statute makes it mandatory. *Twin City Sportservice, Inc. v. Charles O. Finley & Company, Inc.,* 676 F.2d 1291, 1312 (9th Cir. 1982), *cert. denied,* 459 U.S. 1009 (1982). The United States is also entitled to recover damages and attorney's fees and costs when it prevails in an action as a consumer of goods and services pursuant to 15 U.S.C. § 15a. *State of Hawaii v. Standard Oil Company of California,* 405 U.S. 251, 265 (1972).

Actions in equity, however, are treated quite differently from actions for damages described above. Prior to 1976, judicial decisions held that recovery of attorney's fees and costs could not be had in private equity actions pursuant to 15 U.S.C. § 26 because the statute was silent regarding such recovery. *Decorative Stone Co. v. Building Trades Council of Westchester County,* 23 F.2d 426 (2d Cir. 1928), *cert. denied,* 277 U.S. 594 (1928); *T. S. Alphin*

*v. Henson,* 538 F.2d 85 (4th Cir. 1976), *cert. denied,* 429 U.S. 960 (1976). In 1976, 15 U.S.C. § 26 was amended to expressly provide recovery of attorney's fees and costs. Since 1976, judicial decisions have held that such recovery may be had in private actions in equity pursuant to 15 U.S.C. § 26. *T. S. Alphin v. Henson,* 552 F.2d 1033 (4th Cir. 1977), *cert. denied,* 434 U.S. 823 (1977).

No authority has been found holding that the Attorney General is entitled to recover attorney's fees and costs upon prevailing in a suit in equity pursuant to 15 U.S.C. Sect. 4. Perhaps this is so because the Attorney General is duty bound to institute proceedings in equity to prevent or restrain violations of the Antitrust Acts.

The Commonwealth's contention that it may recover attorney's fees and costs in this case pursuant to the cumulative remedies provision in § 59.1-9.16 is without merit. This section refers to the non-exclusive nature of the Antitrust statute in relation to the other statutory and common law remedies which might be available to a plaintiff.

The Commonwealth's public policy argument, while plausible, is not persuasive. In support of its argument, the Commonwealth cites *Illinois v. Sangamo Construction Co.,* 657 F.2d 855 (7th Cir. 1981), which was a private suit for damages pursuant to 15 U.S.C. § 15 rather than a suit in equity. In that case, the court held that the state was a person for purposes of 15 U.S.C. § 15 and awarded the Attorney General attorney's fees and costs. Consequently, the case is not particularly applicable to the issue in the instant case and does not, in the Court's opinion, aid the Commonwealth's public policy argument.

The issue of providing the Attorney General recovery of attorney's fees and costs in equity actions to enforce Virginia's Antitrust laws is one for the General Assembly rather than the courts. Without an express provision regarding recovery of such costs in § 59.1-9.15(a), the courts may not make an award. Additionally, whether the ceiling on civil penalties is high enough to provide the Attorney General an adequate incentive to enforce the Antitrust Act is also for the General Assembly to decide. Under 15 U.S.C. § 1, the ceiling on civil penalties for corporations is $1,000,000 and $100,000 for individuals.

There is no question that the Attorney General in the instant case may have recovered attorney's fees and costs if the action were one for damages. As stated earlier, such is not the case. The instant action is one in equity only.

In view of the lack of express language in Section 59.1-9.15(a) providing recovery of attorney's fees and costs and upon comparisons of Virginia's Antitrust provisions with similar federal Antitrust provisions, the Court must hold that the Attorney General may not recover attorney's fees and costs in this case.