## MORRIS et al. v. ROBINSON BROS. MOTOR CO.*

(Division B. Jan. 3, 1927.)

[110 So. 683. No. 26084.]

1. TRIAL. *Testimony, tending to impeach jury's verdict returned under court's direction after first verdict was irresponsive to issue, held properly refused.*

   Where first verdict of jury was not responsive to issue and verdict, under direction of judge, was reconsidered and returned in proper form, court properly refused to receive testimony from jurors tending to impeach last verdict or show meaning of first one, since meaning must be obtained from language used and verdict must be intelligent and responsive to issue.

2. TRIAL. *Trial court held correct in refusing to accept irresponsive verdict and in sending jury back with requirement to render responsive verdict.*

   Where first verdict of jury was not responsive to issue, trial court was correct in refusing to accept it and in sending jury back and requiring them to render verdict responsive to issue.

3. APPEAL AND ERROR. *Appellants cannot predicate error on trial judge's refusal to accept irresponsive verdict to which no objection was made.*

   Where counsel for appellants, when first verdict of jury was rendered, made no objection to action of court in refusing verdict because of being irresponsive to issue, he will not be permitted to predicate error thereon.

4. APPEAL AND ERROR. *Generally, substantial rights may be waived by counsel's failure to object.*

   Generally, counsel may waive substantial rights by failure to object at proper time.

5. TRIAL. *Judgment held properly entered on jury's second verdict responsive to issue, after court's refusal to accept irresponsive verdict.*

   Where jury, after court's refusal to accept irresponsive verdict, returned second verdict which was responsive to only issue in case, judgment was properly entered thereon.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., p. 742, n. 3; p. 867, n. 75, New; Trial, 38 Cyc., p. 1891, n. 65; p. 1894, n. 91; p. 1902, n. 62.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Action by the Robinson Bros. Motor Company against Katie Morris and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*G. Q. Whitfield,* for appellants.

The defendants contend that the first verdict brought out by the jury is a perfectly legal and valid verdict in every way, responsive to the only issue submitted to the jury by the court on the evidence, and showed without any doubt that the jury clearly and manifestly intended to find and did find that the plaintiff should not recover any part of the balance due on the promissory note from the defendants.

The meaning and intent of the verdict manifestly was that the money paid to date and the automobile should be kept by the plaintiff in full settlement; and that the defendants should not be required to pay any of the balance of the purchase money note, which was the only thing in issue.

In a case like this, a jury has a right to find for the plaintiff to a limited extent, and then a judgment cannot be rendered for the plaintiff against the defendants for any larger amount, or for any balance due on a note. In support of our contention, see *Thornton* v. *Lucas,* 29 So. 400; Am. & Eng. Ency. of L. (1 Ed.), 4404; *Russell* v. *Knowles,* 4 How. 90; *Bankston* v. *McKnight,* 103 So. 807.

In this case the circuit judge told the jury that they could not recommend anything and to go back and come in with a verdict either for the plaintiff or for the defendants. I hold that this direction by the judge was fatal error and was very misleading and prejudicial to the defendants. Inasmuch as the jury had made use of the word "recommend" and the court told the jury they could not recommend, they simply went out and brought

in their verdict with the word "recommend" omitted. Supporting this contention, I cite *Hines* v. *Lockhart,* 105 So. 449.

I submit further that the second verdict and the judgment rendered thereupon is void for the reasons clearly pointed out in *Evans* v. *Junius Hart Piano House,* 106 So. 9. It is also upheld by *Colt Co.* v. *Mazingo,* 106 So. 533; 27 R. C. L., pages 858, 860, 900.

*Jos. M. Howorth,* for appellees.

I. It is a well-known fact to this court that the circuit judge is vested with the power and authority to send a jury back to the consultation room for the purpose of correcting its finding "if the verdict is not responsive to the issue submitted to the jury." Section 563, Hemingway's Code (section 780, Code of 1906); 38 Cyc. 1890. The opinion of Chief Justice SMITH in *L. & N. R. R. Co.* v. *King,* 119 Miss. 79, 80 So. 490, is controlling in the suit at bar.

II. The lower court did not err in its refusal to hear the members of the jury that brought in the first verdict explain the intent and meaning of their verdict. There was nothing to explain about the verdict. This jury had been remanded to the jury room for further deliberation and had returned a verdict into open court which definitely responded to the issue in the case. See *Ulmer* v. *Pistole,* 115 Miss. 485, 76 So. 522.

III. The lower court did not err in overruling a motion for a new trial. The instructions requested, given to the plaintiff by the court clearly and concisely recite the law in regard to warranties of automobiles. *Industrial Finance Corporation* v. *Wheat,* 107 So. 382; Tiffany on Sales, page 255.

Appellants in their brief term the first verdict returned by the jury in the case at bar as a special finding. This is error. 24 L. R. A. (N. S.) page 1, note.

This cause has been fully tried before a jury and if there has been a conflict in the evidence, it has been decided in the appellees' favor. The circuit judge was within his power and authority in directing the jury to deliberate further and return a proper verdict into court; this was exactly what the jury did; and the verdict so rendered decided the issue and gave justice fully.

Argued orally by *G. Q. Whitfield,* for appellants, and *Jos. M. Howorth,* for appellees.

HOLDEN, P. J., delivered the opinion of the court.

The appellants Katie and Phil Morris appeal from a judgment against them for two hundred seventy-nine dollars, in favor of appellee, Robinson Brothers Motor Company, as the balance due upon a note for the purchase of a secondhand Sayers automobile.

The appellants claimed in the lower court that the automobile was expressly warranted to be useful and satisfactory to them and that the warranty failed and was breached, in that the car was unsatisfactory and of no value for use. The appellee, Robinson Brothers Motor Company, contended there was no special warranty of the car, but that it was a secondhand automobile, sold at the reduced price of three hundred seventy-five dollars, and that the purchasers inspected and tested the car out to their own satisfaction previous to buying it. Thus, the evidence presented a conflict as to whether or not there was a special warranty of the car; and, upon this issue alone, the jury decided the question of fact in favor of the motor company, and found a verdict for the amount of the balance due on the note given by the purchasers for the car.

The sole issue presented by the pleadings and proof in the case was whether the appellants owed the balance of the note sued on, two hundred seventy-nine dollars; and this was the only question for the jury to pass upon.

Sept., 1926] Morris *v.* Robinson Bros. Motor Co. 865

144 Miss.]                    Opinion of the Court.

The automobile in question was not involved in this suit, except incidentally, nor was the amount of ninety-eight dollars paid by the appellants to the appellee and credited on the purchase price of the car.

The jury returned a verdict in the following words:

"We, the jury, find for the plaintiff and recommend that they keep the amount of money paid to date and the automobile, in full settlement of their claim against the defendants."

Whereupon the circuit judge told the jury that their verdict appeared to be for both the plaintiff and the defendants, and that the jury had no power to make a recommendation; the judge then directed the jury to retire again and consider their verdict, and to find either for the plaintiff or defendants. The jury then returned the following verdict:

"We, the jury, find for the plaintiff."

Counsel for appellants and appellee were present when the jury returned the first and second verdict, but neither counsel objected to the jury's retiring and returning the second verdict. Counsel for appellants made no complaint until after the second verdict was returned by the jury. He then moved the court to render a judgment upon the first verdict instead of the second, because, as he contended, the first verdict was intelligent and responsive, and, therefore, that judgment in favor of appellants should be rendered thereon.

Counsel for appellants, on the motion to set aside the judgment and render one in favor of appellants, offered to show by some of the jurors that the first verdict returned by the jury was intended to be one in favor of appellants. But the court refused to hear the testimony of the jurors to impeach their verdict; and counsel for appellants contends that the court erred in this regard, because it was not an effort to impeach the verdict of the jury, but it was an attempt to explain and uphold the first verdict rendered by the jury.

Taking the last named contention of the appellants, first, we think the court was right in refusing to hear testimony from jurors which tended to impeach their last verdict, or to show the meaning of their first one, because the meaning of the verdict must be obtained from the language used; and the verdict must be intelligent and responsive to the issue, otherwise it is the duty of the court to require the jury to retire and return a verdict responsive to the issue in the case; and, as the only issue in this case was whether or not the appellants owed the balance due on the note—there being no automobile or previous payments involved—the first verdict by the jury was not responsive to the issue; besides, it was irregular and out of line, and the lower court was correct in refusing to accept it and in sending the jury back and requiring them to render a verdict either for the plaintiff or defendants upon the sole issue in the case as to whether appellants were indebted to appellee for the balance due on the note; and the second verdict is therefore the only verdict in the case, and cannot be impeached by the jurors.

Moreover, the point presented by appellants, that the court erred in not accepting the first verdict and rendering judgment thereon, is not maintainable for the reason that counsel for appellants sat by, when the first verdict was rendered and the court sent the jury out to render another verdict on the one issue in the case, and made no objection to this action of the court, but waited and accepted his chance for a favorable verdict from the jury, thereby waiving his objection to the first verdict. It seems to us that if counsel had presented his complaint to the judge at the time the jury rendered the first verdict, and had requested the court to inform the jury further, or that the issue be properly explained to the jury, then the judge would have had an opportunity to have remedied the situation, and possibly there would have been no objection to the verdict of the jury.

Counsel, generally speaking, may waive substantial rights by failing to object at the proper time. He cannot remain silent until he sees whether the verdict of a jury is favorable to his cause, and when it is not favorable, raise an objection for the first time. Of course, there are exceptions to this rule, but not so in the character of case now before us.

However, it is our opinion that there was no other course for the circuit judge to pursue in this case than that of requiring the jury to render the second verdict, because the first verdict was not responsive to the issue in the case, and when the jury retired and brought in the second verdict, which was responsive to the only issue in the case, then this verdict was regular and intelligent, and the judgment upon it was proper.

The other errors assigned by appellant are without merit.

In view of the conclusions reached, the judgment of the lower court is affirmed.

*Affirmed.*