BROOM, Justice, for the Court:
In a tort action for personal injuries received in an automobile accident, the jury returned a verdict for Connie Powell, a minor (appellant, plaintiff), in the Circuit Court of Jackson County. The verdict was in the following form:
We, the jury, find for the Plaintiff, Connie Powell, and assess her damages at $5,000.00.
We, the jury, recommend that $1,000.00 of the $5,000.00 be awarded at the present time and the balance to be put in a trust fund for medical expenses for Plaintiff, Connie Powell, until the age of eighteen. Any remaining money is to be awarded to the Plaintiff at age eighteen. Mrs. Powell, Connie’s mother, is to be trustee of this fund.
The circuit judge then (without request of counsel) of his own initiative “instructed the jury to follow the form of their verdict and sent them back to reform the verdict.” After deliberating further, the same jury returned the following lesser verdict:
We, the jury, find [for] the Plaintiff, Connie Powell, and assess her damages at $2,000.00.
*720 Liability was stipulated by the litigants and the only issue was the amount of the damages. Connie Powell, a guest passenger, received her injuries in September 1972 in an automobile accident which caused a large bump on her head described by her mother as being the size of a hen egg. Her knees were bruised, after which she was given emergency treatment at Singing River Hospital. Since the accident she has suffered from chronic headaches requiring her to take aspirin several times per week. The testimony indicated that on account of her injury she was unable to take physical education at school. A neurologist, Dr. Norris, based upon history of her injury, diagnosed her headaches as vascular type which he believed to be related to her injury. He indicated that her headaches might continue the remainder of her life, and he categorized vascular type headaches in the group commonly referred to as migraine.
Subsequent to the second jury verdict, appellant filed a motion to reform and reinstate the original verdict or, in the alternative, to grant an additur or a new trial as to damages. This appeal is from the order of the trial court overruling that motion. Relying upon Mississippi Code Annotated § 11-7-157 (1972), appellant contends that the language of the first verdict for $5,000 meets the test of sufficiency. Appellant points out that the first sentence of the first verdict substantially follows plaintiff’s instruction No. 3, and that the remainder of the language of the verdict was a mere recommendation as to how the money should be controlled and used. We find merit in this contention because the first sentence of the verdict answers the sole question in issue and is sufficiently certain as to enable a court to intelligently base judgment thereon. Poynter v. Trotter, 250 Miss. 812, 168 So.2d 635 (1964).
Appellee argues that the first verdict was a qualified or conditional verdict and indicated the jury’s “willingness to award the sum of $5,000, if only” the funds were later disbursed according to its recommendation. We reject the appellee’s argument, and hold that the language after the first sentence in the verdict was no more than a recommendation which merited no further jury deliberation.
Appellee relies upon the case of Morris v. Robinson Bros. Motor Co., 144 Miss. 861, 110 So. 683 (1927). There the circuit judge correctly “told the jury that their verdict appeared to be for both the plaintiff and the defendants.” The first jury verdict in the instant case was singularly favorable to the plaintiff. The Morris verdict related to issues not before the jury and was patently not responsive. Appropriately the Morris jury was directed to go back and find for either the plaintiff or the defendants, after which the jury entered a verdict in proper language for the plaintiff. Morris was based upon Mississippi Code § 780 (1906) [Miss.Code Ann. § 11-7 — 161 (1972)] requiring that the jury be sent back for further deliberation in cases where the verdict is not responsive, which is not the case in the pending suit. Thus the proposition of waiver under Morris, supra, is unavailing to the appellee upon this record.
Under Mississippi Code Annotated § 11-7-159 (1972), the court may direct a verdict reformed at the bar if it is informal or defective. The first verdict in this case, though followed by precatory words, was responsive, complete, formal, sensible, unambiguous, sufficient in every respect, and answered the only issue submitted. The first verdict contained everything essential, and the language following the first sentence was mere surplusage and in no way vitiated the verdict. Jeffreys v. Clark, 251 Miss. 129, 168 So.2d 662 (1964). Thus the trial judge was not authorized under any authority (statutory or otherwise) to send the jury back. Under § 11-7-161, supra, it is mandatory that the trial court send the jury back for further deliberation when its verdict is not “responsive to the issue .” but here, confronted with a responsive verdict, the trial judge sent the jury back without any request, authority, or need to do so. In such a posture, failure of counsel to object did not warrant the judge *721 to do what was otherwise unauthorized and unnecessary to resolution of the issue.
Our conclusion is that the trial court erred in sending the jury back for further deliberations and afterwards, in accepting the second verdict. The first verdict was adequately supported by the evidence and should be reinstated, and appellant awarded a judgment for $5,000 which will be entered here.
REVERSED AND RENDERED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.